Related
DDS

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

UNITED STATES DISTRICT COURT
for the
CENTRAL District of CALIFORNIA
SOUTHEREN Division

FILED
CLERK, U.S. DISTRICT COURT

FEB 2 3 2022

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

DEBRA LYNN JENKINS,

Non-Prisoner# 5626328

    Plaintiff,

    vs.

City of LOS ANGELES, COUNTY a

MUNIPICLAL ENTINTY, & EMPLOYER

LOS ANGELES POLICE (s),

SARGENT JAMES FRONTIER (SN39547), LT.

GILLAN (SN: 35215), SR. McMAHON (SN:

39291), GARCIA (SN: 43761), HOM (SN: 59893)

SGT. VALENCIA (SN: 43458), Officers JOE

DOES 1-100, TOMMY DIES; & Skid Row

Housing Trust, Property management)

    Defendant(s)

Case No.: CV22 - 1281 - CJC (JEM)

42 U.S.C. § 1983: COMPLAINT FOR
DAMAGES: IN VIOLATION OF
1.Bane Act §52.1;
2.Unruh Civil Rights Act (Civ. Code
§§51);
3. Negligent Supervision and Retention,
4. 18 USC §2241 Aggravated Sexual
Assault & Abuse;
5. Sexual Battery;
6. Abuse of Process;
7.False Imprisonment;
8. Denial Substantive Due Process in
violation of Fourteenth Amendment to
U.S. Constitution;
9. 42 USC § 1983 Excessive use of force
in violation of Fourth; (Unreasonable
Search and Seize Violation;
10. 42 USC 1983(unconstitutional Custom,
Policy or Practice)

## Jurisdiction

Jurisdiction exists pursuant 42 U.S.C. §1983 and violations of federal "clear and

established" constitutional law. Venue is proper in the Central District in that the

events and conduct complained of herein all occurred in the Central District.

1

2.

COMPLAINT

HERE now comes Plaintiff, DEBRA L. JENKINS, as a victim of Aggravated Sexual Abuse, False Imprisonment and other violations of her rights. JENKINS hereby files this complaint, against Defendants City of LOS ANGELES, SHERIFFS' AND POLICE DEPTS. Defendants known in this complaint are listed as follows: SARGENT JAMES FRONTIER (S/N 39547), SENIOR MCMAHON (S/N 39291), GARCIA (S/N 33761), Lt. GILLAN(S/N:35215) SGT. VALENCIA (S/N?), HOM (S/N 59893), REYES (SN:44630) and MARTINEZ (SN: 40689), TOMMIE DIES and SKID ROW HOUING TRUST, Property Management.

**INSTRUCTION**

This 42 USC §1983 civil rights action seeks compensatory and punitive damages from Defendants for violating various rights under Federal and California laws. Those violations occurred in connection with repeated AGGRAVATED sexual assaults, unconscious rapes by force, coercion, and intimidation, all under color of law, by Sargent JAMES FRONITER (hereafter, "FRONITER"), a Los Angeles County Police Officer assigned to the Motorcycle Traffic Unit of Long Beach, 4th Division station in the City Long Beach, (LA County) California.  FRONTIER, On May 11, 2019, forged as an organization of conspirators, actions practice, customs, with deliberate indifference, initiated abuse of process, uses unreasonable force with motive and intended purposely to deprive plaintiff rights to her own "body integrity."

**PARTIES**

4. At all relevant times JENKINS was an adult resident of the COUNTY.

5. At all relevant times, COUNTY was a duly organized public entity existing under the laws of the State of California and employed FRONITER.

2

6. At all relevant times each defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each defendant.

7. The true names of Defendants DOES 1 to 100 are actually unknown to Plaintiff who sues them by such fictitious names for that reason. Plaintiff will seek leave to amend this complaint to allege the true names and capacities of the DOE defendants when they have been ascertained. Each of the DOE defendants is somehow liable to Plaintiff for the acts and/or omissions alleged in this complaint.

8. In acting and/or failing to act as alleged herein, FRONITER was supervised, employed and acting under the implied and actual permission and consent of the COUNTY.

9. Plaintiff is informed, and believes and thereon alleges that as to the COUNTY, Plaintiff sues for direct and vicarious liability under the doctrines of respondent superior and ratification for the other Defendants who were acting in the course and scope of their employment when committing the tortious acts alleged herein. None of the individual defendants are immune from liability for their tortious acts. In committing the tortious acts against Plaintiff, the individual Defendants were not exercising lawful discretion.

### FACTS COMMON TO ALL CAUSES OF ACTION

10. Plaintiff fully realleges and incorporates all foregoing allegations, against ALL Defendants.

11. Between August 2010 and May 2019, plaintiff is resident of property managed by Skid Row Housing Trust.  The Housing Urban Development (hereafter "HUD") is subsiding her rent.

12. By 2010 Plaintiff begins to experience sexual assault(s) as she slept in unit 301 of 1205 E. 6th St. in COUNTY's Skid Row Downtown area.

13. The mangers (TOMMIE DIES) by using his position as an "on-site" resident would allow access to the sleeping Plaintiff's unit. August 19, 2010 was the first confirmation by COUNTY Hospital staff diagnosed injuries due to sexual assault, but refused to grant a rape examination.

14. Plaintiff, at that time, interviewed with COUNTY caseworker who threaten loss of her housing voucher.

15. Over period of time HUD and SRHT were made aware of the attacks through written and verbal complaints submitted. Plaintiff, in fear falling to sleep and losing her housing, whereas neither COUNTY agencies made any effort to intervene. Denied "reasonable accommodations" application (3 times) she would often remain silent.

16. By, January 2019, Plaintiff sought to seek protection/escape from what felt as sex trafficked by COUNTY. Reporting to Central Traffic Div. where often she Defendants ignored or victimized further.

17. February 22, 2019 property manager TOMMIE DIES (manager SHRT) filed eviction when PLANIIFF from September 2018 – May 2019 slept against the door, to prevent further attacks.

18. Plaintiff on May 1, 2019, as so stipulated by Judge Thomas Long, of Dept. 95 Mosk Courthouse, removed her personal property from unit 301. At the time of the hearing Judge Long was informed (in transcript) of the plaintiffs alleges.

19. Plaintiff alleges this action by the court was unlawful (Fair Housing Act and Violence Against Women Act) and resulted in loss of private property. Alone now, homeless status, gives Defendants easy access to the Plaintiff, in a tent.

20. Deprivation by County to housing rights and lack of investigation emboldened FRONITER on May 11, 2019 to kidnap/seized her to a municipal (city) detention for the purpose depriving state and constitution rights without probable cause, resulting in serious body injuries.

21. ALL Defendants used the fact that Plaintiff was a black low-income individual, in need of housing assistance, and refused to investigate. Despite, the numerous EMT trips confirmations of sexual abuse (while unconscious) and used this as a coercive measure to intimidate plaintiff's silence.

22. FRONITER further coerced and intimidated Plaintiff by leaving his name dates of these attack(s) written on the walls of her unit, and pictures of his "penis" on plaintiff's phone; which displayed the acts in process; with graffiti "cryptic" diagrams.

23. Because of FRONITER's status, as a COUNTY employee he is ratified to seize, rape, maliciously prosecute and placed in threating places (municipal city jail). There were numerous sexual assaults which occurred August 2010 thru April of 2019.

24. Plaintiff alleges on May 11, 2019 MCMAHON under the direction of FRONTIER, emboldened by years of assaults, orders Plaintiff to be seized of the street while riding her bike. MCMAHON, GARCIA, Hom, Officer LAZZARO (driver) Supervisors, LT. GILLAN and Sgt. VALICENIA, did so acting under the color of the law.

25. For the purpose of "sexual enjoyment" Defendants deprived Plaintiff "rights as an individual to be free from sexual assaults committed under the color of law, *(Doe v Taylor Independent School Dist., 1994)*.

26. At approx. 1300hrs, May 11, 2019, MCMAHON and fellow Defendants under his direction constituted unlawful searches and seizures, excessive force, cruel and unusual punishment acting under color of law. No warrant or probable cause. Only pretexted fabricated charges; Attempted Robbery w/f (Penal Code 211).

27. Plaintiff, loc 6th @ Crocker, Los Angeles, MCMAHON forcibly grabs her from bike. Stating: "There is an on-going investigation and, Debra Jenkins, You fit the description! You're under arrest."   Forced faced down on hood of the MCMAHON's squad immediately handcuffed while GARCIA is directed by MCMAHON to destroy plaintiff's backpack, by cutting it off.

28. Plaintiff never implied or consents to the search and complied with all the illegal actions (without justification), other than their own premeated malice motives.

29. By 1345hrs Jenkins is forced into the back of MCMAHON's squad and transferred two blocks to Central Traffic Division station loc 6th @ Wall, Los Angeles Ca.

30. Upon arrival, at Central Division plaintiff is placed in holding cell (searched, signed for property, arrest forms) still hand-cuffed;

31. from the holding cell plaintiff views McMahon and Sgt. Valencia constructing a "photo array" of 6 black women. McMahon glued photo of Plaintiff to this array and Valencia walk out the room with photo-shop fabricated evidence.

32. Approx. 1500hrs MCMAHON and LAZZARO then transfers plaintiff by squad over to the Metropolitan Municipal City Detention Center, Loc. 5 @ Temple, Los Angeles, CA

33. Approx. 1620hrs LT. GILLIAN, as Supervisor, spoke with MCMAHON and authorized the stripped searches (3 female Does), photograph, booked and placing her in cell 108, by officer HOM (alone).

34. Plaintiff had a sandwich and milk from the hole in the door. For which after eating she is not conscious until May 13, 2019 (approx. 0900hrs).

35. May 13, 2019 plaintiff awoke from pain to her rectal area. Pain that had become uncomfortably; familiar.

36. Plaintiff began to scream for help. Yet, had not been allowed a doctor until 1400hrs (the next shift). When Officer Block handcuffed and escorted "per-trial detainee" JENKINS (Bk: #5626328) downstair to medical.

37. Plaintiff at this time relayed she had been raped while unconscious in cell 108. Also, provided some background relating to alleges presented within this compliant.

38. Plaintiff, informed by City medical staff she would be transported to LAC-USC "COUNTY" Hospital for examination. Afraid Plaintiff request she be transported by EMT. Doctor denies request and City medical released plaintiff to 2 males DOES in a SUV city squad car (at risk).

39. Plaintiff and 2 male DOES arrived at LAC-USC "COUNTY" Hospital's Sheriff's (med staff) trauma unit. While "per-trial detainee" handcuffed to a bed, Sheriff (Male and Female Does)

Deputies medical staff makes diagnosis of "Sexual Assault Victim'. Discharge paper citied injuries due to sexual abuse of sodomy.

40. Plaintiff makes a request for a rape kit to be provided from Ped Hub Forensic Collection Unit (VIP). Locate within the hospital. The request is (date May 13, 2019) stated on discharge forms. Yet, again, the request to gather evidence against her attackers is denied! AGAIN!!! 2 (same) DOES rush plaintiff out of hospital and transports (seized) her to Lynwood Municipal Sheriff's Detention Center.

41. After plaintiff is process by Los Angeles County Sheriff Deputies. (Approx. 2000hrs) and placed in Gen PoP handing a grievance, documenting the incident of the day, to Deputy Sgt. Fernandez (Male DOE).

42. Morning of May 14, 2019 Approx. 0500 Plaintiff is awakened for court call. Transported by Sheriff "COUNTY" Bus to Criminal Court Building. Loc Spring @ Temple, Los Angeles, CA.

43. Plaintiff locked in a holding cell, with court summons never saw a Judge or Magistrate in relation to the charge of California Penal Code 211 Attempt Robbery w/f.

44. Plaintiff was subjected to abuse of process where charges were resolved in favor of plaintiff; charges were rejected by prosecutor; before transported for no legal justification. (citation)

45. Plaintiff upon returning approx. 1300hrs to Lynwood Facility request to speak with a Watch Commander and was place in a cell alone; Promised to be heard by staff; ignored.

46. May 15, 2019 Plaintiff again, is given another court call; transported by Sheriff County Sheriff Prisoner Bus; appeared before Magistrate on Civ Code 853.9 "Fee Evasion" ticket from 2008; plead "no contest."

47. Plaintiff alleges this shows PREMEDITATED pretext for lack of probable or other legal justification (e.g. a warrant).

48. May 16, 2019 Plaintiff was given another court call document without a charge to justify. Plaintiff insisted on making a phone call from the pay phone. Dialed Violence Against Women

800 Hotline and force, by (3 Male DOES) Deputies, into Mental Health Ward cell without a working toilet. Plaintiff again made efforts to be heard.

49. Plaintiff request Watch Commander; seen by "COUNTY" Caseworkers (2 female DOES); interview regarding rape.

50. May 17, 2019 Approx. 1800hrs (1 Female DOE) plaintiff is "reviewed" by Dept of Mental Health and released.

51. The detentions, arrests, rapes, and batteries, against Plaintiff, by FRONTIER, constituted unlawful searches and seizures, false imprisonment, excessive force, cruel and unusual punishment all under color of law without reasonable suspicion, probable cause, Plaintiffs implied or express no consent, or other illegal justification.

52. Plaintiff timely (July 24, 2019) presented Defendants a claim for damages pursuant to Section 905.2 of Government Code. Tort submitted to City Attorney, Mike Feuer; filed #C20-00375 Denied October 3, 2019.

53. On June 3, 2019 plaintiff was again raped while unconscious, homeless. Transported by EMTs from 442 S. San Pedro, Woman Day Center to LAC-USC COUNTY Hospital; could not walk.

54. On June 4, 2019, LAPD officers SR. GARICA and SGT SPELLMAN refused to granted rape kit documentation AGAIN!!!! Rumored "this one for snitching."

55. Plaintiff at no time ever consciously dated or been "introduced" to her alleged preparator(s) FRONITER.

## CAUSE OF ACTION

## Count 1

## Violation of Bane Act (Civ. Code §51.1)

56. Plaintiff fully realleges and incorporates all foregoing allegation. Against All Defendants

57. Section 52.1 of the Civil Code establish a claim for relief "against anyone who interferes, or tries to do so, by threats, intimidation, or coercion, with an individual exercise or enjoyment or rights secured by federal or state law." Jones v. Kmart Corp., 17Cal.4th 329,331(1998).

58. Defendants intentionally, willfully and recklessly seized plaintiff, practiced illegal search and seizures, false imprisoned, perpetuated intentional malice of prosecution, committed sodomy, and deprived her right to be heard in isolating Plaintiff in Mental Unit.

59. These unconstitutional civil violations of rights are coercive threats, lined with intimidation against Plaintiff's rights "to be free from state-occasioned damage to her bodily integrity." *Shillingford v. Holmes, 634 F.2d 263, 265 (5th Cir.1981)*. So, secured by Federal and California law.

60. Plaintiff's, in her efforts to prevent the deprivation of her civil rights by "individuals and COUNTY officials" was isolated, threaten with violence, afraid, ignored and often laughed at when reporting these rapes.

61. Plaintiff reasonably, justifiably and foreseeably believe that revealing the conditions of FRONITER " horrific sadistic obsession" would surely subject to further abuse, violence, imprisonment and more brutal acts **while unconscious** by the Defendants; if she exercised the right to oppose.

62. Defendants' actions were done in the course and scope of their employment, agency, and/or service with COUNTY and under color of law, with the authority, of the COUNTY and therefore are vicariously liable for the illegal conduct by its employees.

63. As a direct, proximate, substantial, and foreseeable result of Defendants' conduct alleged within these paragraphs, Plaintiff sustained compensable injuries and damages for which she is entitled to relief.

64. Defendants' conduct as alleged within these paragraphs was willfully carried out with malice, oppressive, despicable, egregious, and done with the reckless disregard for Plaintiff

9

rights the likelihood that such conduct would and did violate plaintiff's rights, such that an award of punitive damages against ALL Defendants in their individual and professional capacities, is justified.

## CAUSE OF ACTION

### Count 2

### Violation of the Unruh Civil Act (Civ. Code § § 51 and 52)

65. Plaintiff fully realleges and incorporates all foregoing allegations against ALL Defendants.

66. Defendants' conduct under color of law as alleged herein deprived Plaintiff of full and equal accommodations, advantages, privileges, and services on the basis of her sex.

67. As a direct, proximate, substantial, and foreseeable result of Defendants' conduct as alleged herein, Plaintiff sustained compensable injuries and damages for which she is entitled to relief.

68. Defendants' conduct as alleged within these paragraphs was done within the course and scope of their employment, agency, and/or service with the COUNTY and under the color of the law and of their authority, is therefore liable for same.

69. Conduct by ALL Defendants willful actions, were malice, egregiously, and oppressively ridden with the likelihood of risk to violations of Plaintiff Federal and California's rights as citizen and resident.

70. Defendants' conduct as alleged within these paragraphs was willfully carried out with malice, oppressive, despicable, egregiousness, and done with the reckless disregard for Plaintiff rights would be foreseeable that such conduct would and did violate Plaintiff's rights, such that an award of punitive damages against FRONTIER and ALL other Defendants, in their individual and professional capacities, is justified.

## CAUSE OF ACTION

### Count 3

### Negligent Retention and Supervision (California Common Law)

10

71. Plaintiff fully realleges and incorporates all foregoing allegations against ALL Defendants.

72. "Negligence liability will be imposed on an employer if it 'knew or should have' known that hiring the employee created a particular risk or hazard and that particular harm materializes.' *Phillips v. TLC Plumbing, Inc. (2009) 172 Cal.App.4th 1133, 1139 [91 Cal.Rptr.3d 864].)*

73. Plaintiff makes claim had COUNTY exercise due diligence with "attempt" to investigate her numerous efforts to "get help," could have and should have known, that FRONTIER had and predisposition to display excessive force, violence toward women, or a history to be dishonest, with tendency to abuse his position of power for his own sexual needs, and violate (female) inmates Federal and California rights while acting under the color of law.

74. If COUNTY fails to effectively train and supervise defendants LT. GILLAIN, SGT. FRONTIER, SR MCMAHON, GRACIA, LAZZARO, REYES, MARTINEZ, Det. BANE & VIRAMONTEI, Sgt. VALENICA, and the WATCH COMMANDER(s) on duty May 13, 2019 and other employees, or terminate one's employment, (e.g. Doctor, Deputies, Case Workers, Participating Agency (SRHT)), members of public, including Plaintiff, has a likelihood of creating a particular risk or hazard [and] particular harm could materializes.'

75. Notwithstanding such knowledge, COUNTY negligently and carelessly employed, retained and failed to properly train, supervise, and otherwise officer FRONTIER to prevent him from engaging in the extreme behavior which violated Plaintiff rights for years.

76. As a direct, proximate, substantial, and foreseeable result of COUNTY's acts and omissions herein, Plaintiff sustained compensable injuries and damages for which she is entitled to relief.

<div align="center">

**CAUSE OF ACTION**

**Count 4**

**AGGRAVATED SEXUAL ASSAULT & ABUSE**

</div>

11

**18 USC §2241**

77. Plaintiff fully realleges and incorporates all foregoing allegations against ALL Defendants.

78. In acting as all herein, FRONTIER and DOES 1-100 inclusive, intended to cause harmful or offensive contact against Plaintiff. Plaintiff when seized had reason to believed that she would be sexually abused and fears of "You fit the description!" made by MCMAHON, in "harmful and offensive manner."

79. Court requires that the plaintiff establish: (1) that the defendant knew or should have known of the inappropriate sexual behavior; Plaintiff alleges COUNTY was made aware of the "inappropriate sexual behavior" in their refusal to investigate (over time) the reports submitted and dismissed.

80. (2) the defendant demonstrated deliberate indifference toward the Plaintiff rights by failing to take action necessary to stop or prevent the sexual abuse; Plaintiff alleges the failure of Judge Thomas Long, in Dept 95, Superior Mosk Courthouse, on February 22, 2019 when informed of FRONTIER, along with TOMMIE DIES, sexually assaulting Plaintiff, as she slept. Hon. Long's reply: "This is not the court for those issues" (see hearing transcripts). Then "stipulated" eviction, shows "deliberate indifference" to a foreseeable risk.

81. (3) that such failure to act caused the constitutional injury to a Plaintiff; ALL Defendants' failure to act "caused" intentional, unreasonably egregious injury to the constitutional rights of JENKINS.

82. COUNTY acts of omission allowed FRONTIER's nonconsensual sexual contact to persist over a long period of time (August 2010 LAC-USC first confirmation most recent confirmed attack October 1, 2021) is offensive because it offends the average, reasonable person's sense of personal dignity and safety.

83. Plaintiff did not impliedly or expressly consent to Defendants' conduct and therefore, as a direct proximate, substantial, and foreseeable result of Defendants' conduct as alleged herein, Plaintiff sustained compensable injuries and damages which she is entitle to relief.

84. Defendants' conduct was done within the course and scope pf their employment, agency, and/or service with the COUNTY and under the color of law and of their authority, and COUNTY is therefore vicariously liable for same.

85. Defendants' conduct as alleged herein was willful, malicious, oppressive, despicable, and done with reckless disregard for Plaintiff's rights and the likelihood that such conduct would and did violate her rights, such an award of punitive damages against ALL Defendants is so justified.

## COUNT 5

### Sexual Battery

86. Plaintiff fully realleges and incorporates all foregoing allegations against ALL Defendants.

87. "'It has long been established, both in tort and criminal law, that "the least touching" may constitute battery. In other words, force against the person is enough; it need not be violent or severe, it need not cause bodily harm or even pain, and it need not leave any mark.'" *People v. Mansfield (1988) 200 Cal.App.3d 82, 88 [245 Cal. Rptr. 800.].*

88. MCMAHON and DOES 1-100, inclusive, caused actual harmful or offensive acts when Defendant grabbed Plaintiff from her bike, without legal justification, resulting in the nonconsensual sexual battery she suffered, while unconscious, May 13, 2019.

89. Nonconsensual sexual contact is offensive because it offends the average, reasonable person's sense of personal self-esteem and safety.

Plaintiff alleges that as a per-trial detainee in the Defendants' custody, unconscious in cell 108, of city detention facility at no time implied or expressly consent to Defendants' conduct.

90. As a direct, proximate, substantial, and foreseeable result of Defendants' conduct as alleged herein, Plaintiff sustained compensable injuries and damages for which she is entitle to relief.

13

91. Defendants, acting under color of the law, in scope and conduct, committed allegation herein.

ALL Defendants under authority of COUNTY and therefore is vicariously liable for same.

## CAUSE OF ACTION

### Count 6

### ABUSE OF PROCESS

92. Plaintiff fully realleges and incorporates all foregoing allegations against ALL Defendants.

93. "Plaintiff's complaint indicates that he has pleaded the tort of abuse of process,

long recognized at common law but infrequently utilized." (Kappel v. Bartlett

(1988) 200 Cal.App.3d 1457, 1463 [246 Cal. Rptr. 815]

94. Plaintiff was harmed by Defendant's abuse of process when they "entertained an ulterior

motive" in using the judicial process to fabrication evidence; Attempted Robbery Penal Code

211 against Plaintiff. Defendant perpetrated evidence in order to provide probable cause with the

intent to deprive JENKINS of her "body integrity."

95. Plaintiff suffered harm from the abuse of "power". Not only from the illegal aspects and the

physical pain, but, also from the essence of the lawsuit and its misuse of the power of the court.

MCMAHON's actions were done in the name of the court; under the color law in falsifying

evidence to achieve sexual assault.

96. Whereby, Plaintiff was transported May 14, 2019 by LAC Sheriff COUNTY bus to the

Criminal Court Building of Los Angeles and in that she sat in a holding cell 0500hrs to 1100hrs

never taken before a Magistrate; the case had been rejected (999999 see court call) by prosecutor

before transporting of prisoner.

97. Therefore, Plaintiff alleges her plead in this tort of abuse of process, "which has long been

recognized at common law; yet infrequently utilized." to describe this act, done in the name of

14

the court for the purpose of perpetrating an injustice; Premeditated means of evading

accountability on lack of probable cause.

98. Defendants' conduct was done within the course and scope of their employment agency,

and/or service within the COUNTY and under the color of the law and of their authority, and

COUNTY is therefore vicariously liable for same.

99. Defendants' conduct as alleged within was willful, malicious, oppressive, and "wicked."

Done with reckless disregard for the rights of Plaintiff, "knowingly or should have known" the

probability of such conduct, now materialized did violate her rights and she is entitled an award

of punitive damages against FRONITER and other ALL Defendants in both their individual and

professional capacities is so justified.

<div align="center">

**CAUSE OF ACTION**

**Count 7**

**FALSE IMPRISONMENT**

</div>

100. Every individual holds the right to the possession and control of his own person, free from

all restraint or interference of others, unless by clear and unquestionable authority of law. Terry

v. Ohio, 392 U.S. 1, 9 (1968).

101. Plaintiff fully and incorporates all foregoing allegations against ALL Defendants.

102. Defendants intentionally deprived Plaintiff of her freedom of movement by uses of

unreasonable duress, unconscious sexual assaults and battery, abuse of process/power of the

court all under the color of the law and no legitimate law enforcement purpose.

103. Plaintiff never impliedly or expressly consented to such confinement, from which there was

no reasonable means of egress.

104. According with California law, an officer may not make a custodial arrest for some

misdemeanors and some infractions—lesser crimes than a misdemeanor—unless a person fails to

present a driver's license or other identity document and sign a written promise to appear

contained in a notice to appear (a "ticket"). If a person does not have a driver's license or other

identity document, then the officer may require the person to put a thumbprint on the notice to

appear. "Only if the arrestee refuses to sign a written promise, has no satisfactory identification,

or refuses to provide a thumbprint or fingerprint may the arrestee be taken into custody." *Cal.*

*Penal Code § 853.5(a).*

105. Plaintiff on May 15, 2019 was transported by LAC Sheriff County Bus to Criminal Court

Building where she plead "no contest" to a Cal. Penal Code § 853.5(a). "FEE EVADSION"

ticket dated (get this) 2008. Plaintiff was never requested by MCMAHON to present

identification; as he stated "You fit the description!" (see dash/bodycams)

106. As a direct proximate, substantial, and foreseeable result of Defendants' behavior as alleged

herein, Plaintiff sustained compensable injuries and damages for which she entitled to relief.

107. Defendants' conduction was done within the course and scope of their employment, agency,

and/or service with the COUNTY and under the color of law and of their authority, and

COUNTY is therefore vicariously for same.

108. Defendants' conduct as alleges herein was willful, malicious, oppressive, despicable, and

done with reckless disregard for Plaintiff rights and the likelihood that such conduct would and

did violate her rights, such that an award of punitive damages against FRONTIER and other

individual defendants is so justified.

<div align="center">

**COUNT 8**

**42 USC §1983**

**(EXCESSIVE FORCE IN VIOLATION**

**4TH AMENDMENT TO US CONSTITUTION)**

</div>

109. Plaintiff fully realleges and incorporates all foregoing allegations against ALL Defendant.

110. Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor, 490 U.S. 386, 393 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)).*

111. Defendants detained and arrested Plaintiff without legal justification, including reasonable suspicions, probable cause or implied or express consent in violation of her right to be secure in her person against unreasonable searches and seizures as guaranteed by the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

112. As a result of the Defendants' DOES 2-100 conduct, as accomplices, are liable for Plaintiff's injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to stop the wrong doers.

113. "An officer who is present and fails to intervene to prevent other law enforcement officers from infringing the constitutional rights of citizens is liable under § 1983 if that officer had reason to by prevent the actions, of violations by the wrong knows: (1) that excessive force was being used, (2) that a citizen has been unjustifiably arrested, or (3) that any constitutional violation has been committed by a law enforcement official; and the officer is liable under Sec. §1983. *Yang v. Hardin, 37 F.3d 282, 285 (7th Cir. 1994)*

114. Plaintiff claims all state actors such as LT. GILLAN, MCMAHON & COUNTY "had a realistic opportunity to intervene to prevent the harm from occurring" when failing to take action regard allegations of FRONTIER, caused serious harm to Plaintiff's Federal and California rights.

115. *Probable Cause* – There must be enough evidence that a reasonable person would believe a crime was committed. Plaintiff at the impact with Defendants was riding her bike heading for the Resource Center, seeking a free homeless shower.

116. Suspicion claimed by MCMAHON was an "on-going investigation of Attempted Robbery." Without evidence to present to a judge, who must agree before authorizing a search by granting a warrant, MCMAHON and SGT VALENICA instead manufactured evidence in creating a "photo-lineup" after Plaintiff is placed in holding cell of Central Division station.

117. As a result of Defendants' conduct was a direct, proximate, substantial, and foreseeable Plaintiff sustained compensable injuries from the herein and seeks damages from foreseeable risk which she is so justified.

118. Defendants' conduct was done within the course and scope of their employment agency, and/or service within the COUNTY and under the color of the law and of their authority, and COUNTY is therefore vicariously liable for same.

119 . Defendants' conduct as alleged within was willful, malicious, oppressive, and "wicked." Done with reckless disregard for the rights of Plaintiff, "knowingly or should have known" the probability of such harmful conduct, now materialized did violate her rights and she is entitled an award of punitive damages against FRONITER and other ALL Defendants in both their individual and professional capacities is so justified.

### Count 9

### 42 USC 1983

### (UNCONSTITUTIONAL, CUSTOM, PRACTICE, OR POLICY)

120. Plaintiff fully realleges and incorporates all foregoing allegations against ALL Defendants.

121 . 42 U.S.C.A. § 1983 Section 1983 permits a remedy for the deprivation of federal rights without creating any substantive rights. *See Almand v. DeKalb County,* 103 F.3d 1510, 1512 (11th Cir.1997). The statute first requires that a plaintiff "allege that some person has deprived him of a federal right ... [and second,] that the person who has deprived him of that right acted under color of state or territorial law." *Gomez v. Toledo,* 446 U.S. 635, 640, 100 S. Ct. 1920, 64 L. Ed. 2d 572 (1980).

122. DEFENDANTS deprived Plaintiff of the rights and liberties at the core of the Fourth and Fourteenth Amendment(s) to the United States Constitution in that DEFENDANTS and its supervising and managerial employees, agents, and representatives, acting with gross negligence and with the reckless and deliberate indifference to the rights and liberties of the public in general, and of Plaintiff and of persons in her class, situation and comparable position in particular, knowingly maintained, enforce and applied an official recognized custom, policy, and practice of FAILUE to train not to rape prisoners , violation of statutory duties to ratify reports of sexual misconduct and supervise, by Screening submitted reports base on the allegations therein.

123. Plaintiff alleges "failure to adequately investigate" created a sexually hostile environment for plaintiff and heightened the risk FRONTIER would continue to sexually assaulted/sexually abuse her in an unconscious state.

124. Plaintiff alleges that COUNTY/(DEFENDANTS) violated Equal Protection Clause rights by failing to adequately respond to her allegations of assaults over time by maintaining a general policy of deliberate indifference to reports of sexual misconduct.

125. Plaintiff alleged that COUNTY's policy of indifference to sexual misconduct by employees violated 14th Amendment to the United States Constitution and had COUNTY's unconstitutional policy to denied Plaintiff request(s) to be examined by Ped. Hub Forensic Collection Unit (VIP)

for the purpose of gathering critical evidence in a rape kit, May 13, 2019 enforced a gross

negligence of Bad Faith on the part of COUNTY as they were made (over time) aware of these

rapes.

126. Defendants had particular and subjective motivations

to impose a different form of punishment in their implied reluctance to uncover facts regarding

allegations of FRONTIER's conduct in violation of Plaintiff "body integrity" as a black woman.

127. COUNTY's failure to investigate prior allegations of Plaintiff with regard to FRONTIER

disregarded the propensity of risk and maintained his employment. In choosing not to adequately

investigate to discover facts, therefore COUNTY sanctioned the wrongful conduct of

FRONTIER in violating of Plaintiff's constitutional rights.

128. The wrongful conduct of LT. GILLIAN as supervisor over MCMAHON and FRONTIER

and other subordinates gave authorization of fabricated evidence, booking of Plaintiff and

locking her into cell 108, was done all under the color of the law.

129. As a result of Defendants' conduct was a direct, proximate, substantial, and foreseeable

Plaintiff sustained compensable injuries from the herein and seeks damages from foreseeable

risk which she is so justified.

130. COUNTY's Failure to Screen, training of supervisors, performance reviews, knowingly

maintained, enforced and applied an official recognized custom, policy, and practice of

deliberate indifference.

131. COUNTY and DOES 2-100 were negligence by: (1) Employing and retaining as police

officers and other personnel, including FRONTIER, MCMAHON, LT. GILLAN, SGT.

VALENCIA and others who at all times material herein knew or reasonably should have known

had dangerous propensities for abusing their authority and for mistreating citizens by failing to

follow written COUNTYs policies, including the use of excessive force; (2) Of inadequately

supervising, training, including the propensity for violence and the use of excessive force; (3) By

maintaining grossly inadequate procedures for reporting, supervising, investigation, reviewing,

disciplining and controlling the intentional misconduct by FRONTIER; (4) By failing to

discipline misconduct, including but not limited to unlawful detention and excessive force; (5)

By ratifying the intentional misconduct of FRONTIER; (6) By having and maintaining an

unconstitutional policy, custom, and practice of detaining and arresting of individuals without

probable cause and establishing false "on-going investigation" of fabricating evidence to sexual

assault; using excessive force, which is demonstrated by inadequate training regarding the

subjects. The policies, customs, and practices of COUNTY were done with a deliberate

indifference to individuals' safety and rights; (8) By failing to properly investigate claims of

unlawful detention (City Tort C20-00375 Denied October 3, 2019) and excessive force by

COUNTY deputies; (9) failing to institute a policy prohibiting sexual abuse of inmates; (10)

using excessive force against persons, condoning the use of excessive force, and conspiring to

cover-up civil right violation of Plaintiff and constitutional rights.

132. By reason of the above-mentioned policies and practices of COUNTY, Plaintiff suffered the

injuries and damages alleges herein. Due to DEFENDANTs DOES 1-100, together with various

other officials, whether named or unnamed, had either actual or constructive knowledge of the

deficient polices, and customs alleged in the paragraphs above. Despite having knowledge as

stated, above these defendants condoned, tolerated and through actions and inactions thereby

sanctioning such policies, customs, and practices.

133. All DEFENDANTs also acted with deliberated indifference to the foreseeable effects and

consequences of these policies with respect to constitutional rights of Plaintiff and other

individuals of similarly situated (class). By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants acted with intentional, reckless, and callous disregard for Plaintiff's constitutional rights.

134. Furthermore, the policies, practices, and customs implemented and maintained and still (indifference to reports by Plaintiff) tolerated by COUNTY were affirmatively linked to and were a significantly influential force behind the injuries of Plaintiff.

131. ALL Defendants are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983. Plaintiff also seeks attorney's fees under this claim.

135. Defendants' conduct was done within the course and scope of their employment agency, and/or service within the COUNTY and under the color of the law and of their authority, and COUNTY is therefore vicariously liable for same.

136. Defendants' conduct as alleged within was willful, malicious, oppressive, and "wicked." Done with reckless disregard for the rights of Plaintiff, "knowingly or should have known" the probability of such harmful conduct, now materialized did violate her rights and she is entitled an award of punitive damages against FRONITER and other ALL Defendants in both their individual and professional capacities is so justified.

### CAUSE OF ACTION
### Count 10
### 42 USC § 1983
### VIOLATION OF SUBSTANTIVE DUE PROCESS

137. Plaintiff fully realleges and incorporates all foregoing allegations against ALL Defendants.

138. "A defendant may escape §1983 liability under the principle of qualified immunity, which shields state actors from civil liability unless their actions violated "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*,

*457 U.S. 800, 818; (1982)* where the court held that petitioners were entitled to qualified immunity that would be defeated if they knew or reasonably should have known that the action violated plaintiff's constitutional rights or if the action was taken with malicious intention to cause a deprivation of respondent's constitutional rights.

140. Plaintiff had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions the deprive them of life, liberty or property in such a manner as to shock the conscience, including but not limited to, the conduct complained of earlier in this complaint.

141. Plaintiff suffered Aggravated sexual assault(s) while unconscious by FRONTIER on numerous dates over 2010-2021, submitting complaints with DOES 2-100 of which were laughed at or ignored. Alone with the numerous confirmations by medical professionals of LAC-USC COUNTY Hospital, including the day in question, May 13, 2019 violated "clearly established statutory or constitutional rights of which a reasonable person would have known."

142. Plaintiff, booked on fabricated evidence of Attempted Robbery (Cal Penal Code 211) to support lack of probable, was a conspired effort by FRONITER to intentionally deprive a pretrial detainee's constitution Substantive Due Process rights.

143. Defendants actions and omissions resulted in excessive force, as Plaintiff  suffered damages and violations of her civil rights alleged earlier in this complaint.

144. The aforementioned actions of Defendants, along with other undisclosed behavior, shock the conscience, in that they acted with deliberate indifference to the rights of Plaintiff, and with purpose to harm unrelated to any legitimate law enforcement objective.

145. As a direct and proximate cause of acts of Defendants, Plaintiff suffer the deprivation of her civil right to be free from unreasonable searches and seizures, sexual assault battery, sodomy, increasing extreme and severe mental anguish and pain including, isolation, humiliation and fear.

146. The conduct of FRONTIER was willful, vicious, malicious, and sadistically narcissistic and done with reckless disregarding for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages against him in his individual capacity.

147. Plaintiff also seeks attorney fee under this claim. Therefore, Plaintiff seeks relief and judgment as follows:

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests entry of judgment in their favor and against Defendant COUNTY OF LOS ANGELES, and DOES 1-100, inclusive, as follows:

1. For compensatory damages in the amount to be proven at trial;

2. For punitive damages against the individual defendants in an amount to be proven at trial;

3. For statutory penalties pursuant to the Causes of Action plead herein;

4. For Special Damages

5. For reasonable costs of this suit and attorneys' fees; and

6. For such further other relief as the Court may deem just, proper, and appropriate.

7. Request assistance of Counsel

DEMAND FOR A JURY TRIAL

PLAINTIFF hereby respectfully demands a jury trial.

Respectfully submitted,

By: DEBRA L. JENKINS Pro Se
Date: February 15, 2022

24

Debra L. Jenkins
442 S. San Pedro St.
Los Angeles, CA 90013
Phone Number (323) 542-0898
e-mail: purementality74@gmail.com

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### Debra L. Jenkins v City of Los Angeles

**List of Exhibits**

A. Date: 05/25/19 Plaintiff complaint submitted to Los Angeles Police Dept.

B. Date: 10/03/19 Denial of Tort Claim Plaintiff submitted to City Attorney Mike Feuer

C. Date: 06/24/18 COUNTY Hospital Medical Confirmation of Sexual Assault

D. Date: 05/11/19 Booking Docs from Metropolitan Facility

E. Date: 04/30/18 COUNTY Hospital Medical Confirmation of Sexual Assault

F. Date: 05/13/19 COUNTY Hospital Medical Confirmation of Sexual Assault (Sheriff Med Staff)

G. Date: 02/22/19 Stipulation of Eviction (forced by Judge Long, Superior Court of California, Dept. 95)

H. Date: 08/27/18 Filing for Temporary Restraining Order hearing appt. 09/18/18.

I. Date: 08/24/18 Letter to hearing Judge Laura Horywitz, Dept. 245; Judge read and had 9/18/18 the bailiff remove Plaintiff in tears.

J. Date: 10/10/19 Letter from Housing Authority of the City of Los Angeles; signed by Lula Eskander; informing Plaintiff of set meeting regarding termination of housing voucher.

K. Date: 05/13/19 Plaintiff's Grievance of Sexual Misconduct by LAPD; submitted to Sgt Fernandez holding Deputy @ Lynwood Facility (city detention center).

L. Date: 04/14/19 Ex Parte hearing granted by Judge Long then dismissed.

M. Date: 10/03/21 COUNTY Hospital Medical Confirmation of Sexual Assault

N. Date: 10/03/21 Peds Hub Forensic Evidence Collection appt. CANCELED; REYES & MARTINEZ were to escort Plaintiff 0600. Plaintiff was removed from property by Sheriff when at 0900 she asks to be escorted to the VIP unit of LAC+USC (COUNTY Medical facility).

O. Date: 10/08/21 Reply from HUD regarding assistant in the issues relied in this complaint.

P. Date: 8/19/10 COUNTY Hospital Medical Confirmation of Sexual Assault (first).

Exhibit A

# LOS ANGELES POLICE DEPARTMENT COMPLAINT OF EMPLOYEE MISCONDUCT Form 01.81.06 (12/98)

This form should be used exclusively to report employee misconduct. Complaints regarding Los Angeles Police Department policies and procedures, or police response time to a location, should be discussed with the watch commander at your local police station. Upon completion of this form, you may either return it in person to the nearest police station, or mail the top copy to LOS ANGELES POLICE DEPARTMENT, Internal Affairs Group, P.O. Box 30158, Los Angeles, CA 90099-4896. A pre addressed business reply envelope has been provided for your convenience. Keep the second copy for your records.

Day Name Debra Jenkins Phone 213 285 8266

Evening

Address Homeless (Due to Actions Unlawful Eviction of LAPD)

Language Spoken English

Date of Occurrence: 05/11/2019 Time of Occurrence 1530

Location of Occurrence: 6th @ Crocker

Names, **Badge Numbers or Serial Numbers of Employees Involved (If known).**

1. MCMAHON (SN-39291)
2. GARCIA (SN:43761)
3. HOM (SN: N59893)
4. LT. GILLAN (SN: 35215)
5. SGT. VALENCIA SN
6. W 43458)

Names, addresses, and telephone numbers of **witnesses** present at the time of occurrence (If known).

**Each and every officer(s) on scene in response to this arrest.** LIST ADDITIONAL EMPLOYEES AND/OR WITNESSES UNDER THE "DETAILS" SECTION.) Details - (Please state your complaint, including names, times, locations, witnesses, and any other information that would help in investigating your complaint. If employee names are unknown, explain what each employee looked like.)

Date: _May 25, 2019_       Signature

On May 11, 2019 @ the above mentioned time and place, while Plaintiff rides North on bicycle up 6th, Officer Lozano SN (driver) and partner McMahon turned onto

in on to 6th in a hurried action, Plaintiff made a right onto Crocker. As officer make left onto Crocker from 6th, Plaintiff stops and turns to face squad car. Officer McMahon grabs Plaintiff off her bike. Office McMahon states Plaintiff's name "You're Debra Jenkins, We've been looking for you. Your unarrest." And immediately place in handcuffs.

Plaintiff was then informed by Office McMahon "You were picked from a photo line up in a complaint for 211 attempt robbery."

In the statement, the same one made on the 3rd of May 2019, Where the Plaintiff also encounters the phase "You fit the description" Only in the movies could actions performed by the LAPD (aka Mobbed Square), on the same "suspect" one week; different outcomes.

McMahon than had a female officers (Garcia SN: 43761) first destroy personal property (Female cut both straps from black bag) stating "I not removing the handcuffs." Female than body search Plaintiff.

As McMahon informs Plaintiff "this is an ongoing investigation." Plaintiff was then "strongly" placed into the back

1 of 2

seat of the squad Yet, of the prior "You fit the description" of robbery May 3, 2019 no arrest was made. Plaintiff was at that time left on the street 6 @ Kohoel approx. 22:15.

Upon the arrival at Central Station loc: 6 @ Wall,  Plaintiff was again body searched, shoes removed, and place in holding cell; still handcuffed. Officer Lozano processed personal property of Plaintiff. Also require signatures to ID property by Plaintiff.  Before leave Central Station, Sgt. Valencia (SN-        ) harassed and made remarks to Plaintiff as she questioned their actions. Sgt. Valencia (SN-      ) was the officer who at first the morning of the 10th refused to allow Plaintiff to submit grievance complaint regarding the "You fit the description" on May 3, 2019. Sgt. Valencia relented, compiling to accept the forms. Now, in the current action of May 11, 2019 Sgt. Valencia states: "Now you're going to jail." Plaintiff views as Sgt Valencia takes printed photos from a file and processed out of the holding cell area. Plaintiff took note that her image was one of about eight in the "photo line-up."

Plaintiff was then transferred to loc 5 @ Temple by officers McMahon and Lozano. Where "suspect" was booked by Officer Hom (SN: N5983). Placed in cell 108.  The approving of fraudulent charge 211 attempted robbery by Lt. Gillani (SN: 35215) resulting in the SEXUAL  ASSAULT  (**while in a state of unconsciousness**) Confirmed on May 13, 2019 @ LAC-USC)  of "suspect" while in the custody of the officers.

**DEPARTMENT USE ONLY 0**  5/25/19

To be completed by the supervisor receiving this form.

Supervisor's name Serial Number

Date and time received Division

Final disposition

(i.e. forwarded to IAG; 01.28.00 initiated; sent correspondence to complainant, etc.) (Attach additional sheets if needed.) CF NO. DIV. NO.  01.81.06 (12/98)

2 of 2

B

## City of Los Angeles

**MICHAEL N. FEUER**
CITY ATTORNEY

October 3, 2019

Debra Lynn Jenkins
Jenkins C/O Women's Day Center
442 S. San Pedro
LOS ANGELES, CA 90013

     RE:     Our Claim No.: C20-00375

Dear Debra Jenkins:

The subject claim against the City has been referred to this office.

After reviewing the circumstances of the claim and the applicable law, it has been determined that the claim should be denied.

This letter represents a formal notice to you that said claim has been denied. In view of this action, we are required by law to give you the following warning:

### ***WARNING***

**"Subject to certain exceptions, you have only six (6) months from the date this notice was personally delivered or deposited in the mail to file a court action alleging state causes of action. The time within which federal causes of action must be filed is governed by federal statutes."**

**"You may seek the advice of an attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately."**

     Very truly yours,

     Martin Boags
     Deputy City Attorney

MBOAG :SCHRI
Enclosure(s)

City Hall East 200 N. Main Street Room 800 Los Angeles, CA 90012 (213) 978-7050 Fax (213) 978-7114

1 of 2



## LAC+USC Medical Center

1200 North State Street, Los Angeles, CA 90033
323-409-1000
Discharge Instructions - Patient

*Exhibit C*

**Name:** JENKINS, DEBORAH     **Current Date:** 06/24/18 04:10:01
**DOB:** 03/08/1957     **MRN:** 100969401 **FIN:** 1012348147
**Reason for Visit:** Rectal pain; Sexual assault

**Visit Date:** 06/24/18 00:54:00
**Address:** 1205 E 6TH ST LOS ANGELES CA 900211209
**Phone:** (213) 924-1098

We are pleased to have been able to provide you with emergency care. Please review these instructions when you return home in order to better understand your diagnosis and the necessary further treatment and precautions related to your condition.

**IMPORTANT NOTICE:** If you get worse, develop new symptoms, or are not getting better as expected, return to the emergency department or seek other medical care right away. The examination and treatment you have received in our Emergency Department have been rendered on an emergency basis only and will not substitute for definitive and ongoing evaluation and medical care. As part of your ED visit, a follow-up appointment may have been arranged for you. It is essential that you keep any follow-up appointments that are made for you. If you need to reschedule your appointment, please call that clinic directly. Report any new or remaining problems at the time of your follow-up appointment, because it is impossible to recognize and treat all elements of injury or disease in a single Emergency Department visit.

**Discharge Information:**
**Diagnosis**
Rectal pain

**Follow Up**

**With:**                    **Address:**                    **When:**

Primary care provider

**Comments:**

take the HIV prophylaxis medications if you are concerned about your risk of getting HIV from this exposure. If you decide to take it, you must start it as soon as possible for it to be still effective. It can cause stomach upset and nausea as well as affect your liver function, so you must follow up with your doctor to have your liver function rechecked.

follow up with your primary care doctor within 1 week to discuss whether or not you should continue the HIV prophylaxis medications

1 of 1

Exhibit D
MAY 13, 2019



| LOCATION OF ARREST | CROCKER | ST | BAIL | 100000 |
| 6TH | ST | | TOTAL BAIL | 100396 |
| TYP. CHARGE & CODE | DEFINITION | | WARRANT NO. # | |

| F | 211PC | ATTEMPT ROBB W F |

ADDITIONAL CHARGES (ON ADDL. WARRS. LIST NO., COURT, AND BAIL. INCL. P.A.) SD78732519800 853.7PC  396

ARRAIGN. DATE    TIME    COURT

BK# 5626328

| EXACT LOCATION / DISPOSITION ARRESTEE'S VEHICLE |
| PEDESTRIAN |

| | HAS HEPATITIS | HAS V.D. | HAS OR EVER HAD T.B. | OTHER | SPECIAL M |
| | N | N | N | N | NONE |

| ARRESTING OFFICER | SERIAL NO. | SERIAL # OF CR CHECKING CRWS | BOOKING EMPLOYEE | SERIAL NO. | PROP. BAG # | RETAINED |
| MCMAHON | 39291 | 39291 | HOM | N5983 | 03853072 | NONE |
| SEARCHING OFFICER | SERIAL NO. | 2ND ARR | TRANSPORTING OFFICER | SERIAL NO. | EC/IR READ/N'S | SUP/V APPRO |
| GARCIA | 43761 | 43458 | MCMAHON | 39291 | | LT GILL |

PROPERTY

PIN#946083923, INC#190511003810, 3 BLK CELL PHONES, ASST CARDS AND PAPE
RS, RED LACES, BLK LANYARDS W ASST KEYS, SEPARATE KEY

THIS IS YOUR PROPERTY RECEIPT AND IDENTIFICATION. KEEP IT WITH YOU AT ALL TIMES.

1. **BAIL:**
   A. On a MISDEMEANOR CHARGE OR A BAILABLE FELONY CHARGE, you may be released on bail.
   B. On a WARRANT ISSUED IN ANOTHER COUNTY, you have the right, upon demand, to be taken before a magistrate in this
      purpose of being admitted to bail. If you wish to go to court for this purpose, or do not know if you are arrested on an out-of-c
      your jailer.
2. **RELEASE FROM CUSTODY:** You will only be released from custody (bail, bond, own recognizance, etc.) after positive identific
   established. Positive identification has to be based on fingerprints. Refusal to submit to fingerprints will delay a person's release
3. **COURT APPEARANCE:** You may ask the jailer when you are scheduled for court appearance.
4. **TELEPHONE CALLS:** Within 3 hours from the time of your arrest, you may make the following phone calls:
   A. At City expense within the local dialing area, or at your own expense to other locations, to THREE of the following:
      (1) An attorney of your choice, the Public Defender, or any attorney assigned by the court.
      (2) A bail bondsman.
      (3) A relative or other person.
   B. For information regarding additional telephone calls, you may ask the jailer.
5. **ATTORNEYS AND BAIL BONDSMEN:** You may be visited by an attorney or bondsman upon your request or the request of a
   Beware of any person interested in procuring a lawyer or bondsman for you.
6. **VISITORS:** Inmates are permitted a maximum of one visitor each day. **Exception:** One minor child may accompany each resp
   Visitation rules do not apply to visits by attorneys, bail bondsman, personal physicians, or members of the clergy, who may visit
   Hours may vary and are subject to cancellation.
7. **FOREIGN NATIONALS:** You may contact your Consular Office at any time. If you need assistance in contacting your Consula
   Visits from the Consular Office are permitted at any time.
8. **YOUR PROPERTY:** Your property will be returned to you immediately upon your release from LAPD custody.
9. **ILLNESS:** If you need medical attention, or are aware of another prisoner in need of it, notify the jailer at once.
10. **READING AND RECREATION:** A general circulation daily newspaper and a non-English language publication are available d
    set by the jail supervisor. Hours may vary and are subject to cancellation.
11. **VOTING:** Notify the jailer of any request to vote in a local, state, or federal election.
12. **RELIGIOUS OBSERVANCE:** Notify the jailer of any request for religious material. Visits from members of the clergy or other
    religious advisors are permitted at any time.
13. **INMATE GRIEVANCE PROCEDURE:** Any complaint or grievance must be reported to a jail supervisor without delay.
14. **MAIL:** Mail to and from an inmate may be opened and inspected for contraband.

1 of 2

```
SI01  -  INQUIRE BY BOOKING NO. - JDS                    PAGE   01

BOOKING NO: 5626328 MAIN NO: 08086173  SID/CII NO:  10696598        AKA: 03
                                SP HANDLING:
LAST NAME: JENKINS        FIRST NAME: DEBRA       MID INIT: L   SUF:
  SEX: F  RACE: B AGE: 62 DOB: 03/08/57 HAIR: BLK  EYES: BRO HGT: 502 WGT: 110
            OVERALL CHARGE LEVEL  F   UNUSUAL OCCUR:
PERM HOUSING: CRDFCRF0     TEMP LOC:            SENT STATUS: 1   VISIT ST: N
  GRAND TOT:   100,396.00  TOT BAIL:   100,396.00 TOT REM FINE:        0.00
NEXT CRT: M30   NXT CRT DATE: 05/14/19  CRT TIME: 0830  CASE #  9999999999

ARR CHARGE: 211PC       ARR AGY: 4201    ARR DATE: 05/11/19   ARR TIME: 1530
  FILE NO:               BOOKED DATE: 05/11/19  TIME: 1800  LOC: 4273
RLSE DATE:        RLSE REASON:       RLSE TO AGENCY:      EMP ID:
RLSE TIME:                           HOLD AGENCY:       CANC: 00

CASE # OR WARRANT                       TOT    NXT CRT   SNT    DISP/
  CHARGE/LEVEL   COURT   BAIL/FINE    RATE   PENALTY  SNT DAY  DAYS   EXP
SD78732519                                                   _  TC
  853.7PC     M COM      396.00 B    0.00      0.00  051519      00 000000
JD9139 DEPRESS PA1 KEY  ) SEE NEXT PAGE OR PF 11 KEY TO RETURN  MENU.

   PF4-SID/CII          PF5-AKA DISPLAY              NXT TRAN SI01 05626328
```

```
SI01  -  INQUIRE BY BOOKING NO. - JDS                    PAGE   01

BOOKING NO: 5626328 MAIN NO: 08086173  SID/CII NO:  10696598        AKA: 03
                                SP HANDLING:
LAST NAME: JENKINS        FIRST NAME: DEBRA       MID INIT: L   SUF:
  SEX: F  RACE: B AGE: 62 DOB: 03/08/57 HAIR: BLK EYES: BRO HGT: 502 WGT: 110
            OVERALL CHARGE LEVEL  F   UNUSUAL OCCUR:
PERM HOUSING: CRDFCRF0     TEMP LOC:            SENT STATUS: 1   VISIT ST: N
  GRAND TOT:   100,396.00  TOT BAIL:   100,396.00 TOT REM FINE:        0.00
NEXT CRT: M30   NXT CRT DATE: 05/16/19  CRT TIME: 0830  CASE #  9999999999

ARR CHARGE: 211PC       ARR AGY: 4201    ARR DATE: 05/11/19   ARR TIME: 1530
  FILE NO:               BOOKED DATE: 05/11/19  TIME: 1800  LOC: 4273
RLSE DATE:        RLSE REASON:       RLSE TO AGENCY:      EMP ID:
RLSE TIME:                           HOLD AGENCY:       CANC: 00

CASE # OR WARRANT                       TOT    NXT CRT   SNT    DISP/
  CHARGE/LEVEL   COURT   BAIL/FINE    RATE   PENALTY  SNT DAY  DAYS   EXP
SD78732519
  853.7PC     M COM      396.00 B    0.00      0.00  051519   00000 000000
JD9139 DEPRESS PA1 KEY TO SEE NEXT PAGE OR PF 11 KEY TO RETURN TO MENU.
```

Ex: D
2 of 2

Exhibit E
4/30/2019

1 of 1

Discharge Instructions - Patient

Name: JENKINS, DEBORAH Current Date: 04/30/19 04:36:24
DOB: 03/08/1957 MRN: 300509401 FIN: 1015940331
Reason for Visit: Assault

Visit Date: 04/30/19 04:42:26
Address: 1205 E 6TH ST LOS ANGELES CA 90021209
Phone: (213) 924-1098

We are pleased to have been able to provide you with emergency care. Please review these instructions when you return home in order to better understand your diagnosis and the necessary further treatment and precautions related to your condition.

IMPORTANT NOTICE: If you get worse, develop new symptoms, or are not getting better as expected, return to the emergency department or seek other medical care right away. The examination and treatment you have received in our Emergency Department have been rendered on an emergency basis only and will not substitute for definitive and ongoing evaluation and medical care. As part of your ED visit, a follow-up appointment may have been arranged for you. It is essential that you keep any follow-up appointments that are made for you. If you need to reschedule your appointment, please call that clinic directly. Report any new or remaining problems at the time of your follow-up appointment, because it is impossible to recognize and treat all elements of injury or disease in a single Emergency Department visit.

Discharge Information:
Diagnosis
Sexual assault

Follow Up

With:                                                    When:

Patient today requesting
bloodwork for retrieval, which
is not a test that is routinely
sent from the ED. Please
follow up with social
department or follow up for
further evaluation.

Address:

JENKINS, DEBORAH
DOB: 03/08/1957    Age 62 Years

Exhibit F

**LAC+USC Medical Center**
1200 North State Street
Los Angeles, CA 90033-1083

Patient:      JENKINS, DEBRA
MRN:          100969401
FIN:          1016109264
DOB/Age/Sex:  3/8/1957    62 years    Female
Location:     USC ED; JER15; .

## Discharge Documentation

Document Type:
Service Date/Time:
Result Status:        Modified
Perform Information:  Corona RN,Sulema (5/13/2019 19:03 PDT)
Sign Information:     Corona RN,Sulema (5/13/2019 19:03 PDT); Corona RN,
                      Sulema (5/13/2019 18:29 PDT); Corona RN,Sulema
                      (5/13/2019 18:28 PDT)

ED Clinical Summary
                      ED Clinical Summary
                      5/13/2019 19:03 PDT

### LAC+USC Medical Center

### Discharge Instructions (Clinical)

Current Date: 05/13/19 19:03:55

**PERSON INFORMATION**

Name: JENKINS, DEBRA DOB: 03/08/1957 **Age:** 62 Years

MRN: 100969401 FIN: 1016109264

**Address and Phone:**
450 BAUCHET ST LOS ANGELES CA 900122907 (213) 924-1098

**DISCHARGE INFORMATION**
Date of Discharge: 05/13/19 18:55:00
Discharge Diagnosis: Victim of sexual assault

**PROVIDERS**
**Primary Care Provider:**
**Name:**

1 of

---

**LAC+USC Medical Center**
Patient:      JENKINS, DEBR
MRN:          100969401
FIN:          1016109264
DOB/Age/Sex:  3/8/1957    62

**Provider**                    **Role**
Peck III, Edwin Cady            Resider
Taira, Taku                     ED/UC

Comment:
**MEDICAL INFORMATION**

**Vitals Information:**

**Vital Sign**                  Tria
Temp Oral                       36.6
Temp Axillary
Temp Rectal
O2 Sat
Respiratory Rate                17 b
Peripheral Pulse Rate
Blood Pressure                  175

**Major Tests and Procedu**

The following procedures
**Laboratory Orders**
No laboratory orders were
**Radiology Orders**
No radiology orders were p
**Cardiology Orders**
No cardiology orders were
**Patient Care Orders**
No patient care orders wer
**Allergy Information:**
No Known Medication Alle
**Medication List:**
emtricitabine-tenofovir
Restricted to Infectious D
per CDC guidelines, OR

Exhibit G

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF LOS ANGELES

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

**FEB 22 2019**

Sherri R. Carter, Executive Officer/Clerk of Court

By: _____, Deputy
Marquis Becker-Mays

**COURTHOUSE ADDRESS:** 111 N. Hill Street, Los Angeles, California 90012

**PLAINTIFF:** SKA Row Southeast 1 LP

**DEFENDANT:** Debra Jenkins

**UNLAWFUL DETAINER STIPULATION AND JUDGMENT**

**CASE NUMBER:** 19STUD02274   **DEPT./DIV.:** 91

THE PARTIES STIPULATE (AGREE) AS FOLLOWS:

1. Judgment shall be entered in favor of plaintiff as named in the complaint and against the following defendants:
   *(Identify and name defendants exactly as judgment is to be entered. Do not abbreviate or use "etc." or et al.")*
   Debra Jenkins

2. Judgment shall be entered for:

   | | | |
   |---|---|---|
   | Past Due Rent | $ 0 | ☑ Defendant(s) rights under lease or rental agreement are forfeited |
   | Holdover Damages | $ 0 | |
   | Attorney fees | $ 0 | ☑ Plaintiff is awarded possession of the premises located at |
   | Costs | $ 0 | (including apartment number, if applicable): |
   | TOTAL | $ 0 | 1205 E. 6th Street, #301, Los Angeles, California 90021 |

3. Defendant(s) security deposit, if any:
   ☐ shall be returned or accounted for by plaintiff within 21 days after defendant(s) vacate the premises (Civ. Code, § 1950.5).
   ☑ shall be retained by the plaintiff and defendant(s) waive(s) any claim to its return.

4. Judgment shall be entered:
   ☐ now
   ☑ now and stay enforcement of judgment as follows: a writ of possession may be issued forthwith, but no final lockout prior to
   5-1-19
   (date)
   ☐ only upon default by defendant(s) in the performance of any of the obligations required by this stipulation.

5. ☑ Defendant(s) agree(s) to vacate the subject premises by _____, removing all personal property and persons covered by this stipulation.

LACIV 136 (Rev. 01/07)
LASC Approved 09-05

DISTRIBUTION: Original – Court Case File   Copy – Plaintiff   Copy – Defendant

**UNLAWFUL DETAINER STIPULATION AND JUDGMENT**

Code Civ. Proc., §§ 415.46, 664.6
Civ. Code, § 1950.5
Page 1 of 2

1 of 2

6. Plaintiff and defendant(s) further stipulate as follows: _The Court file shall remain sealed so long as Defendant timely surrenders possession of the Premises sought of the person and personal property the 4:30_ _Defendant affirms that no other persons have a possessory interest in the Premises. There shall be no appeals or motions for new trial. Any personal property remaining at the Premises when possession of the Premises is returned to Plaintiff shall be deemed abandoned and may be disposed of by Plaintiff without notice to Defendant. Neither side shall harass the other_

7. ☐ Defendant(s) agree(s) to pay the amount set forth in Paragraph 2 on the schedule set forth below.  In the event of default in payment, a writ of execution may be issued for the remaining balance on the judgment creditor's verified application, without further notice or hearing.

_____

_____

_____

8. ☒ **WAIVER OF RIGHTS:** We, the undersigned defendants, understand that we have the following rights: (a) to be represented by an attorney of our own choice, at our own expense; and (b) to notice and an opportunity to be heard on the issue of any default in payment of installments, or on any other alleged violation of conditions staying the enforcement of the judgment.  We give up these rights and freely agree that judgment may be entered against us in accordance with this stipulation.

9. ☐ _____ acknowledge(s) receiving assistance from a
   _____(name[s])_____ language interpreter in the preparation and execution of this stipulation.

Date: 2-22-1    Monica Garza
                (TYPE OR PRINT NAME)          ► _____
                                              (SIGNATURE OF PLAINTIFF OR ATTORNEY)

Date: 2-22-19   Johra Jenkins
                (TYPE OR PRINT NAME)          ► _____
                                              (SIGNATURE OF DEFENDANT OR ATTORNEY)

Date: _____   _____
                (TYPE OR PRINT NAME)          ► _____
                                              (SIGNATURE OF DEFENDANT OR ATTORNEY)

Date: _____   _____
                (TYPE OR PRINT NAME)          ► _____
                                              (SIGNATURE OF DEFENDANT OR ATTORNEY)

☒ The Court hereby orders the above named parties to comply with the terms of the stipulation, and the clerk is directed to enter this stipulation as judgment.

☐ Proof having been made to the satisfaction of the court, Plaintiff is also granted judgment as to all unnamed tenants. (Code Civ. Proc., § 415.46.)

☐ The above named parties agree to abide by the terms of the stipulation which is approved by the court.  The case is calendared for dismissal or entry of judgment on _____ at _____ in Department _____

_____                    _____
DATED                                       JUDICIAL OFFICER

                                            THOMAS D. LONG

LACIV 136 (Rev. 01/07)                                                          Code Civ. Proc., §§ 415.46, 664.6
LASC Approved 09-05      DISTRIBUTION: Original – Court Case File   Copy – Plaintiff   Copy – Defendant    Civ. Code, § 1950.5
         **UNLAWFUL DETAINER STIPULATION AND JUDGMENT**                                         Page 2 of 2

2 of 2

**Notice of Court Hearing**

YOUR CO[PY]

(1) **Person Seeking Protection**

a.  Your Full Name: *Debra Jewkins*    Exhibit

H

Your Lawyer *(if you have one for this case):*

Name: *Pro Se*    State Bar No.:

Firm Name:

b.  Your Address *(If you have a lawyer, give your lawyer's information.*
*If you do not have a lawyer and want to keep your home address*
*private, you may give a different mailing address instead. You do not*
*have to give telephone, fax, or e-mail.):*

Address: *1205 E. 6th St #301*

City: *LA*    State: *CA* Zip: *90021*

Telephone: _____ Fax: _____

E-Mail Address: _____

**FILED**
Superior Court of California
County of Los Angeles

AUG 27 2018

Sherri R. Carter, Executive Officer/Clerk
By _____ Deputy
Nancy Diaz

Fill in court name and street address:

Superior Court of California, County of

Los Angeles Superior Court
Central District, Family Law
111 N. Hill Street, Room
Los Angeles, CA 90012

*Court fills in case number when form is filed.*

Case Number:

**18STR006186**

(2) **Person From Whom Protection Is Sought**

Full Name: *Tommy Dies*

*The court will complete the rest of this form.*

(3) **Notice of Hearing**

A court hearing is scheduled on the request for restraining orders against the person in ②:

Name and address of court if different from above:

**Hearing Date** → Date: *9/18/18*  Time: *8:30a m*

Dept.: *2C*   Room: *243*

(4) **Temporary Restraining Orders** *(Any orders granted are on Form CH-110, served with this notice.)*

a.  Temporary Restraining Orders for personal conduct and stay-away orders as requested in Form CH-100,
*Request for Civil Harassment Restraining Orders,* are *(check only one box below):*

(1) ☐ **All GRANTED** until the court hearing.

(2) ☐ **All DENIED** until the court hearing. *(Specify reasons for denial in b, below.)*

(3) ☒ Partly **GRANTED** and partly **DENIED** until the court hearing. *(Specify reasons for denial in b, below*

HOUSING ATT OLA

Judicial Council of California, www.courts.ca.gov
Revised July 1, 2014, Mandatory Form
Code of Civil Procedure, § 527.6
Approved by DOJ

**Notice of Court Hearing**
**(Civil Harassment Prevention)**

CH-109, Page 1

Fair Housing Act
(42. USC 3601-19)
The of 1987 (42 USC 3543)
(5 Hou Act (42 USC 1437et.seq)
Community Dev Act 1957 (42USC 1437et.seq)

(Deliberate Indifference

1 of 2

*Exhibit I*

Letter to judge:

Debra Jenkins
1205 E. 6th St Unit #301
Los Angeles
(747) 231 8423
90021
purementality74@gmail.com

8/24/2018

Dear Sir/Madam

This letter is to request the court to investigate the sexual assaults on my person, while asleep in my unit. At the above address.

On August 19, 2010 was the first experience of sexual assault, while unconscious. Which was verified by medical professionals. The least attack was June 22, 2018 in which I awoke in serve pain to my recital. On June 24, 2018 torn tissues, redden, swollen, rectum area, shown to result from a sexual assault, was also confirmed by medical professionals at LAC general hospital. At this examine police denied victim a rape kit, as they refuse to paid for the DNA evidence.

In this matter there have been other attacks on victim while asleep. Where HUD, SRO Housing, and the Los Angeles Police officials have been negligent to prevent the predators, Mr. Tommy Dies the property manager, and Sgt. James Frontier a police officer from getting away with rape

The alleged perpetrators leave their names and date upon the wall of the victim's unit walls, floors, and door. Under the caption "I f**ked Debra in the ass." alone with "graffiti" drawings, sexual harass victim of the unconscious attacks.

The following LAPD Investigative reports have been filed by victim. Yet not one has been investigated.

*Report*

| INC# | Date |
|------|------|
| #10082800 | 8/28/2010 |
| 108007001849  8/7/15 | 8/07/2017 |
| 180624000168 | 6/24/2018 |
| 180705001801 | 7/05/2018 |

*Dates: Tommy Dies*
*Signed on my Walls*   7/19/17   6/5/1
8/4/17   6/15/
5/13/8   3/1
6/22/18

Sincerely,

*Debra Jenkins*

*Also, had Record Interview w/LAPD 6/26/18*

*Ex: H*
*20/20*



HOUSING AUTHORITY OF THE CITY OF LOS ANGELES
AN EQUAL OPPORTUNITY – AFFIRMATIVE ACTION  EMPLOYER

*Exhibit J*

October 10, 2019

Ms. Debra Jenkins

515 Crocker St
Los Angeles, CA 90013

EID#000046244

**RE: Meeting**

Dear Ms. Jenkins:

An appointment has been scheduled for you with:

**Housing Manager:**     **Ms. Eskander**

            **DATE:  October 15, 2019**
            **TIME:  9:00 AM**
            **PLACE: 2600 Wilshire Blvd, 1st Floor**
                  **Los Angeles, CA 0057**

Please bring to this appointment any documentation you feel is pertinent. Please call me at (213) 252-2563 if you are unable to keep this appointment.  Please be on time.

Sincerely,

Mrs. Lula Eskander
Housing Manager
(213) 252-2535

1 of 3

MEMO:

Oct. 14, 2019

Attn: Luna Eskander
Housing Urban Development

Re: Meeting/Hearing 10/15/19

Attn: Ms. Eskander,

I, Debra Jenkins, would like to thank you the "meeting" to address the claim filed Sept. 6, 2018. On this day I would also refer to the "documentation" which "you" feel "pertinent" in the matter of the violence I suffered, as a resident of a Participating Agency (PA). Skid Row Housing Trust (SRHT). subject to the direction of your origination.

On Sep . 6, 2018 I submitted a request for "reasonable accommodation" for emergency transfer (3rd time), with Donna Navarro. Under the Violence Against Women Act, the claim was file due to the numerous sexually assaults (The forcing of unwanted sexual activity by one person on another, Sodomy T74.2 committed by person or person unknown, as Debra Jenkins slept in her unit,301 located 1205 E. 6th St.. The victim slept ( was unconscious). The first such attack occurred on August 19, 2010.

Under this document/act states survivors of domestic abuse cannot be denied assistance as an applicant, nor can they be evicted or have their subsidized housing terminated due to having been a victim of domestic violence, dating violence, sexual assault, stalking, or for being affiliated with a victim of any of the above.

*42 U.S.C. § 14043e–11*

VAWA provide housing protections for victims of domestic violence, dating violence, sexual assault, and stalking in many of HUD's housing programs. VAWA also requires the establishment of emergency transfer plans for facilitating the emergency relocation of certain tenants who are victims of domestic violence, dating violence, sexual assault, or stalking. **Further, survivors and their dependents are to be granted emergency transfers to any available safe unit if remaining in their current abode gives them reason to fear for their lives and/or safety.**

In the ten years sense, the confirmation of the sexual assault, has been recorded in Debra Jenkins' medical file held by LAC-USC hospital. Many were not record as she felt is useless when nothing was being done about the horror of waking, in serve pain from the rectum, this inaction caused an emotional and sleepless distress. In seeking a "meeting" with your origination, consenting to a "emergency transfer" victim was total ignored. The same victimization occurred, SHRT, the Los Angeles Police Officers, due to proof provide by the perpetrators themselves, Los Angeles Police Officer, Sgt. James Frontier and the SHRT property on-site (unit 100) manager, Mr. Tommy Dies.

Plaintffs Had copy for AUD files.

Ex: J
2 of 3

The monsters sexually assaulting Debra Jenkins felt blazing enough to leave their names and dates of the crime, on the wall of the unit. Along with "graffiti pics" accompanied by the caption "I fucked Debra in the ass." Once Debra Jenkins was able to grasp that no help from public officials, was forthcoming (such as your organization) to intervene in to preventing the unlawful entry to her unit and violence against her as a woman., victim placed the refrigerator against the door of the unit at night. By October of 2018 the distress disorder cause victim to become desponded.

Mr. Dies on December 26, 2018 file an eviction against the policies of the HUD and Violence Against Women Act, in relation to the survivors of domestic abuse. Mr. Dies uses his position of power (manager with the keys), not only to access the unit of Debra Jenkins to commit a criminal act upon a resident elderly an cited with a disability income, but to insured that victim would not be in position to provide "pertinent" documentation order to support this meeting.

The proof is destroyed in the removal of victim court order on Feb. 22, 2019 as May 1, 2019 as she is now homeless and is continued to a SEX TRAFFICKED victim in her sleep. a survivor who is suffering from post-traumatic stress disorder as a result of an assault in the parking lot of her apartment complex may request a transfer to another apartment complex. A Section 8 voucher tenant who needs to move due to her disability can do so and continue to receive rental assistance. If a survivor with a disability needs to make such a move with her Section 8 voucher, she should request a reasonable accommodation and explain that the relocation is related to her disability. To simply fall to sleep.

Exhibit K.

**Is this grievance an emergency?**
¿Es ésta queja una emergencia?

[ YES* ]   [ NO ]

If this is a medical or mental health emergency or you are aware of a specific and immediate threat to your life/safety, notify custody personnel immediately.

Si ésta es una emergencia médica o de salud mental o si tiene conocimiento de una amenaza específica e inmediata contra su vida/seguridad, notifique a un alguacil de inmediato.

## COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT
## INMATE GRIEVANCE FORM

See the back copy for instructions.
All grievances must be filed within 15 calendar days.
Grievances will be responded to within 15 days.
Appeals must be filed within 15 calendar days.

Only one grievance per form.
Solamente una queja por forma.

| NAME / NOMBRE | BOOKING NUMBER / SU NUMERO DE PRESO | FACILITY / FACILIDAD | HOUSING LOC. | DATE / FECHA |
|---|---|---|---|---|
| Jenkins, Debra | 5626328 | Sample | Cell 108 | 5/13/19 |

## I HAVE A GRIEVANCE ABOUT THE FOLLOWING:

**GENERAL SERVICES**
- ☐ Living conditions
- ☐ Food
- ☐ Showers
- ☐ Property
- ☐ Mail
- ☐ Commissary/Account Balance
- ☐ Clothing/Linen/Bedding
- ☐ Educational/Vocational Programs
- ☐ Other (explain below)
- ☐ Classification
- ☐ Telephone
- ☐ Visiting

**MEDICAL/MENTAL**
- ☐ Medical Services (Place in envelope)
- ☐ Mental Health (Place in envelope)
- ☐ Dental (Place in envelope)
- ☐ Americans with Disabilities Act (ADA)
- ☐ Other (explain below)

grivin meds for HIV Prevention

**STAFF**
- ☐ Custody Personnel
- ☐ Medical Staff
- ☐ Mental Health Staff
- ☐ Other (explain below)

*Optional (check only if applicable):*
- ☐ Use of force
- ☐ Retaliation
- ☐ Harassment
- ☐ Racial or identity profiling

Assault while

*Specify the type(s) in your explanation (please refer to the reverse side of the pink copy for more information)

## PLEASE EXPLAIN THE SPECIFIC ISSUE OR DATE OF INCIDENT, AND THE ACTION REQUESTED:

DATE, TIME, DAY OF OCCURRENCE     FACILITY OF OCCURRENCE     LOCATION OF OCCURRENCE

I awoke on Mon morn with medical pain for the day went on the pain incread. two Unaware of care office went time I called for a nurse I was seen I ... (* If needed, additional space is provided on the back of this page)

☐ In the event I am released prior to the disposition of this grievance, I waive my right to receive a mailed notification of the resolution.
☐ In the event I am released prior to the disposition of this grievance, I would like to receive a mailed notification of the resolution.
Mailing address _____ City _____ State _____ ZIP _____ Phone (___) _____

**Attention:** Conflict Resolution may be available and is voluntary for both the inmate and the involved personnel to address a grievance instead of the Department conducting a personnel investigation and determining a finding to resolve the grievance.

Inmate's Signature
X _____

## ---- FOR DEPARTMENT USE ONLY – DO NOT WRITE BELOW THIS LINE ----

| Employee Receiving Grievance | Employee # | Date and Time of Collection and Review |
|---|---|---|
| | | TIME STAMP HERE |

*Watch commander notified of emergency grievance
This grievance ☐ was ☐ was not handled as an emergency. If not, please explain below.
Note: Any aspect of an emergency grievance determined to be non-emergent will be processed within the standard time frame.

If a disposition was rendered, please complete:     BRIEF SUMMARY OF ACTIONS TAKEN

| FINDINGS | RELIEF | |
|---|---|---|
| ☐ SUSTAINED | ☐ GRANTED | |
| ☐ SUSTAINED IN PART | ☐ GRANTED IN PART | |
| ☐ NOT SUSTAINED | ☐ DENIED | |
| ☐ INCONCLUSIVE | ☐ RELIEF UNAVAILABLE | *Full disposition shall be entered in the Custody Automated Report Tracking System (CARTS) |

Inmate was notified of disposition/status/modification by: _____ (Supervisor), on _____ (Date/Time).

Employee # _____     Date and Time of Review

Exhibit K
Grievance Submitted to Sgt Fernandez
(housing Deputy) @ Lynwood Facility
MAY 13, 2019

1 of 1

Exhibit L

Name: Debra Jenkins
Address: 1205 E. 6th Street 301
Phone: (213) 425 - 8756
Defendant "In Pro Per"

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF LOS ANGELES

| | |
|---|---|
| Plaintiffs,<br>SKID ROW SOUTHEAST 1 LP<br>v.<br><br>Defendants<br>DEBRA JENKINS | ) CASE NO: 19STUD000276<br>)<br>) EX PARTE APPLICATION FOR<br>) ORDERS; DECLARATION RE<br>) EX PARTE NOTICE;<br>) DECLARATION OF ___ IN<br>) SUPPORT OF APPLICATION;<br>) MEMORANDUM OF POINTS<br>) AND AUTHORITIES; ORDER<br>) THEREON<br>) |

Date: 04/14/2019
Time:
Place: Central Branch
Trial Date: 02/22/2019

### APPLICATION

I have not informed, and should not be required to inform,
either Skid Row Southeast I LP, [Plaintiffs] in this action, or Jack Schwartz, attorney of record, of my intention to make this application, for the following reasons: The parties in question have dismissed vital aspects for the retaliator nature of filing. Including the reliability of the witness sited in the action of "Cure or Quit" notice, Mr. Tommy Dies. Therefore, Plaintiff may seek to prevent the submission of this request. In so, of the State of California that the foregoing is true and correct.

I, declare under penalty of perjury under the laws

Dated ___4/14___ .

Debra Jenkins

Pro Se for Defendant

Ex Parte Submitted
4/14/2019

## DECLARATION IN SUPPORT OF APPLICATION RULE 3.1204

I, Debra Jenkins, declare as follows:

1. I am the Pro Se for Defendant submit the application for *ex pate*

2. Defendant, in this matter seeks only to be granted equal protections under the Fourteenth Amendment as to adequately representation of the relevant facts, which may be obscured by the Plaintiff.

3. Where the Plaintiff sites a "witness" I, as the defendant in this matter have the right to confront his/her accuser.

4. With regard to the information provided in the Answer submitted on January 22, 2019, defendant wishes to present imperial evidence to statements made within the document, as to the retaliating reasons of the "witness" seeking to have defendant evicted.

5. This filing does not reflex how the Plaintiff has disregarded the repeated violations of tenant's (Civil, Human and Constructional) rights to protection from victimization by housing staff members (e.g. Mr. Tommy Dies, property manager/witness). If not by the Plaintiff than by the victim (tenant) themselves.

6. As defendant now being evicted for seeking an investigation as to why city officials (Judge, Larua Horywitz denied TRO 18TR006186), District Attorney's, (said had to wait for LAPD referral), SRO (laughs), LAPD (Hostile and often refuse to take report) Internal Affairs and Doctors (dismissal of rape kit), all refused victim equal protection under the LAW, respectfully request the court grant this application.

# LAC+USC Medical Center

1200 North State Street, Los Angeles, CA 90033

323-409-1000

## Discharge Instructions - Patient

ame: JENKINS, DEBRA    Current Date: 10/03/21 10:54:59

DB: 03/08/1957    MRN: 102180072 FIN: 1026267408

eason for Visit: Rectal pain

lsit Date: 10/02/21 16:26:17

ddress: 1209 W 6TH ST LOS ANGELES CA 90021

hone: Cell:(323) 502-0898

*(handwritten)* Exhibit 10/11/22
RAPE
M Tent x
SP w/ Blyd on
Aircoap box

# MyWellness Patient Portal:

Create an account by visiting our website:
http://dhs.lacounty.gov/mywellness

Our hospitals and clinics offer secure online access through MyWellness to your laboratory results,
adiology reports and some medical provider notes. You can also send secure messages to your
medical care team and request prescription refills and appointments.

We are pleased to have been able to provide you with emergency care. Please review these
instructions when you return home in order to better understand your diagnosis and the necessary
further treatment and precautions related to your condition.

---

• Insurance Name: MEDI-CAL MAN

Phone Number: (800) 675-6110

Group Name:

**Future Appointment(s)**
**Future Appointments**
USC VIP
    Appt Address:···
    Facility: LAC+USC Medical Ce
    Building: Building B (Outpat
    Appt. Type: Peds Hub Foren
    Phone: (323) 409-5086
    Fax: (323) 226-7289
    Appt. Date: 10/03/2021 06:0
    Scheduled Provider: USC SA

Allergies
No Known Allergies

**Medication List**
**New Medications**

CVS/pharmacy #10509, 3627

    cephalexin (cephalexin 50
    Last Dose: _____

**Medications That Were Updat**

None

**Medications that have not cha**

Insurance Name: MEDI-CAL MANAGED CARE HEALTH NET 6u

Phone Number: (800) 675-6110

Group Name:

*Exhibit N*
*S/w Det Viramontel*
*10/6/21*
*(213) 486-0910*
*S/w Det Bann 10/9/21*

## Future Appointment(s)
**Future Appointments**

USC VIP
Appt Address: --
**Facility:** LAC+USC Medical Center
**Building:** Building B (Outpatient Clinic) 3rd Flr - 2010 Zonal Avenue, Los Angeles CA 90033
**Appt. Type:** Peds Hub Forensic Evidence Collection
**Phone:** (323) 409-5086
**Fax:** (323) 226-7289
**Appt. Date:** 10/03/2021 06:00 AM
**Scheduled Provider:** USC SANE Provider

**Allergies**
No Known Allergies

*Incident Reports*
*#4242 10/2*
*#904 — 10/33 (Female: Reyes +*
*MARTINEZ*

**Medication List**
**New Medications**

*THIS appt. WAS CANCelled*
*by 3 MAle Does Sheriff Deputies*
*Remove*
*Plaintiff from*
*the proper*

CVS/pharmacy #10509, 3627 E Cesar E Chavez Ave Los Angeles, CA 900632216, (323) 268 - 2703

cephalexin (cephalexin 500 mg oral capsule) 1 capsules Oral every 12 hours for 7 Days. Refills: 0.
Last Dose:_____

## Medications That Were Updated - Follow Current Instructions

None

## Medications that have not changed

None

Name: JENKINS, DEBRA
MRN: 102180072

3 of 12

10/3/2021 10:55:01

*1 of 3*

# INVESTIGATIVE REPORT

Page ___ of ___    03.01.00 (05/2021)    REPORT OF: ___    CC: ___    MULTIPLE DRS ON THIS REPORT
INVEST DIV ___   INC # ___    DR # ___

TRANSIT SERV. / 3.3 BUREAU

### CASE SCREENING FACTOR(S)

- [ ] SUSPECT/VEHICLE NOT SEEN
- [ ] PRINTS OR OTHER EVIDENCE NOT PRESENT
- [ ] MO NOT DISTINCT
- [ ] PROPERTY LOSS LESS THAN $5,000
- [ ] NO SERIOUS INJURY TO VICTIM
- [ ] ONLY ONE VICTIM INVOLVED

**PREMISES** (SPECIFIC TYPE)   [ ] ATM

LAST NAME, FIRST, MIDDLE (OR NAME OF BUSINESS)   SEX   DESC   HT   WT   AGE   DOB

VICTIM

ADDRESS   R   ZIP   PHONE
B

E-MAIL ADDRESS

DR. LIC. NO. (IF NONE, OTHER ID & NO.)   FOREIGN LANGUAGE SPOKEN   OCCUPATION

SECURITY SERVICES DIV

**ENTRY** 45%/85V POINT OF ENTRY   POINT OF EXIT   LOCATION OF OCCURRENCE   SAME AS V'S [ ] RES. [ ] BUS   R.D.

- [ ] FRONT
- [ ] REAR   METHOD
- [ ] SIDE
- [ ] ROOF   INSTRUMENT/TOOL USED
- [ ] FLOOR
- [ ] OTHER

PRINTS BY PREL. INV.
ATTEMPT [ ] Y [ ] N
OBTAINED [ ] Y [ ] N

DATE & TIME REPORTED TO PD

DATE & TIME OF OCCURRENCE

TYPE PROPERTY STOLEN/LOST/DAMAGED ___03 04 00 GIVEN   STOLEN/LOST   RECOVERED   EST. DAMAGED ARSON / VAND.
$ ___   $ ___   $ ___

CT509 MAJOR CRIMES

VICT'S VEH. (IF INVOLVED) YEAR, MAKE, TYPE, COLOR, LIC. NO   NOTIFICATION(S) (PERSON & DIVISION)   CONNECTED REPORT(S) (TYPE & DR #)

**MO** IF LONG FORM, LIST UNIQUE ACTIONS. IF SHORT FORM, DESCRIBE SUSPECT'S ACTIONS IN BRIEF PHRASES, INCLUDING WEAPON USED. DO NOT REPEAT ABOVE INFO BUT CLARIFY REPORT AS NECESSARY. IF ANY OF THE MISSING ITEMS ARE POTENTIALLY IDENTIFIABLE, ITEMIZE AND DESCRIBE ALL ITEMS MISSING IN THIS INCIDENT IN THE NARRATIVE.

SHOTS FIRED

[ ] TRANSIT-RELATED INCIDENT   MANDATORY MARSY'S RIGHTS CARD PROVIDED TO THE VICTIM   MOTIVATED BY HATRED/PREJUDICE [ ]   DOMESTIC VIOLENCE [ ]

INITIALS, LAST NAME   SERIAL NO   DIV /DETAIL   PERSON REPORTING   SIGNATURE   OR RECEIVED BY PHONE [ ]

**REPORTING EMPLOYEE(S)**   NOTE: IF SHORT FORM AND VICTIM/PR ARE NOT THE SAME, ENTER PR INFORMATION IN INVOLVED PERSONS SECTION

Inst #0904 Report   Reyes r Martinez   05@5hrs
Incident Report   10/03/21

## No Longer Take the Following Medications

None

## Additional Medications Reviewed during your visit

None

## Vaccinations
### Immunizations
No Immunizations Documented This Visit

## Major Tests and Procedures

The following procedures and tests were performed during your ED visit.

### Laboratory Orders

| Name | Status |
|---|---|
| Acetamnphn Lvl | Completed |
| Ammonia | Completed |
| BMP | Completed |
| BMP | Completed |
| CBC w/ Diff | Completed |
| CK | Completed |
| CK | Completed |
| Ethanol | Completed |
| HIV Ab/Ag Scr | Completed |
| Hep Func Panel | Completed |
| Lipase | Completed |

*NO APPT NO Results.*

Name: JENKINS, DEBRA
MRN: 102180072

4 of 12

10/3/2021 10:55:01

Ex: N
3 of 3

*Exhibit O*

# HUD Housing Inquiry No. 662035

Inbox

**Lopez, Claudia L <Claudia.Lopez@hud.gov>**   Oct 8, 2021, 9:06 AM (1 day ago)

to me

Debrah Jenkins
purementality74@gmail.com

Dear Ms. Jenkins,

The above-referenced housing discrimination inquiry was received by the U. S. Department of Housing and Urban Development pursuant to federal fair housing laws. This claim has been closed for lack of jurisdiction because federal fair housing laws do not cover the subject matter. Furthermore, the most recent date of violation is outside the one year statute of limitations under the Fair Housing Act (FHA), the Act enforced by our office. This office only has power to address issues recognized under federal fair housing laws. We cannot address any other legal matters. We believe that you should address your concerns as follows. Since your problem concerns the administration of the Continuum of the County of Los Angeles Office of Diversion and Reentry Housing program (ODR), you are advised to contact the following **Chin** supervisor in the HUD Office of Community Planning and Development in Los Angeles: **Chin Woo Choi, at (213) 534-2571 or at ChinWoo.Choi@hud.gov.** Since your problem concerns the application of California state law concerning a general housing matter that may include a legal matter, you are advised to contact **Housing Rights Center (HRC) at: 3255 Wilshire Blvd #1150, Los Angeles, CA 90010, at (800) 477-5977** or at: **www.hrc-la.org**. We request that you take advantage of the services provided at those offices.

This administrative closure does not represent a judgment upon the merits of the allegations contained in the claim. The Fair Housing Act provides that, notwithstanding this action by the Department, a complainant may file a civil action in an appropriate United States District Court, or a State Court, no later than two (2) years after the occurrence or the termination of the alleged discriminatory housing practice(s).

Sincerely,

Jonathan Gast
Chief, Intake Branch
Office of Fair Housing and
    Equal Opportunity

*Chin Woo Never returned Jenkins (calls).*

1 of 2





**Debra Jenkins <purementality74@gmail.com>**  Oct 8, 2021, 11:01 PM (16 hours ago)

to Claudia

Ms. Jenkins thank u for the non judgement Clip. With regard to limitation the world was close for a year. And that of jurisdiction results to no way the LA Official will allow action on the matter. The assaults shall continue due to states rights against those of the victim/human?

Attachments area



**Debra Jenkins**

2:35 PM (28 minutes ago)

to ChinWoo.Choi

This is from Ms. Jenkins to request a hearing on the matter in this complaint. contact (323)542-0898. Thank U.

Ex' O
2 of 2

*Exhibit P*

Discharge Packet - Discharge Summary
Patient: Jenkins, Debra

Medical Record: 7456696
Age/DOB: 3/8/1957

*WRONG Date*

Arrival: 8/26/2010 0736
Dispo Decision Time: 8/26/2010 2122

Disposition: Home
Rm (last): WE12

Chief Complaint: Rectal Pain

Dx 1: Sexual Assault
Dx 2: PID prophylaxis  *(Shot)*
Rx 1: Doxycycline Capsules (Vibramycin)
100mg
1 capsule by mouth every 12 hours for 10 days
#20 capsules

Abbreviations: Dx = Diagnosis Rx = Prescription

## Medications

1. Please review all the medications you are taking with your regular / follow-up physician. If you were prescribed a new medication, or if your medications were changed, your regular / follow-up physician will determine whether these changes will be short or long term.

2. Take all your medications as directed and bring them with you to future appointments.

3. NEVER drink alcohol, drive, or operate heavy machinery while on these medications unless cleared by your doctor.

## Follow-Up

You have been referred to the following location(s) for follow up of your condition. Please do not miss your appointments!
Bring all your medications and this sheet of paper with you.

| Patient Follow Up Informaton | | | | | | | |
|---|---|---|---|---|---|---|---|
| Follow-Up | Address | City | State | Zip | Phone | Appt Date | Appt Time |
| H Claude Hudson Comprehensive Health Center | 2829 South Grand Avenue | Los Angeles | CA | 90007 | (800) 383-460 0 | | |

Jenkins, Debra
7456696
3/8/1957         53yr          F

DEPARTMENT OF EMERGENCY MEDICINE
DISCHARGE INSTRUCTIONS
1082 (6-09)



| | | |
|---|---|---|
| NO NOT DISTRICT | | |
| PROPERTY LOSS LESS THAN $6,000 | ADDRESS | |
| NO SERIOUS INJURY TO VICTIM | R-1255 E. C1RST LOS ANGELES | PHONE |
| ONLY ONE VICTIM INVOLVED | ADDRESS | |

**VICTIM**

| | | |
|---|---|---|
| | DR. LIC. NO. (IF NONE, OTHER ID & NO.) | FOREIGN LANGUAGE SPOKEN (IF APPLICABLE) | OCCUPATION |

PREMISES (SPECIFIC TYPE)  ☐ ATM

APARTMENTS

ENTRY  459/SFV POINT OF ENTRY        POINT OF EXIT

A7674229

| LOCATION OF OCCURRENCE | SAME AS V'S  ☒ RES  ☐ BUS | R.D. |
| | | OCCUPATION  STORROWTER |
| | | PRINTS BY PREL INV  ATTEMPT ☐Y  OBTAINED ☐Y |

ENTRY:
☐ FRONT
☐ REAR   METHOD
☐ SIDE
☐ ROOF   INSTRUMENT/TOOL USED
☐ FLOOR
☐ OTHER

| DATE & TIME OF OCCURRENCE | DATE & TIME REPORTED TO PD |
| 08/19/10  0500-0900 | 08/29/10    13:15 |
| TYPE PROPERTY STOLEN/LOST/DAMAGED   82 04 00 GIVEN  STOLEN/LOST  RECOVERED  EST DAMAGE/ARSON/VAND. |
| $ —   $ —   $ — |
| CONNECTED REPORT(S) (TYPE & DR #) |

VICT'S VEH. (IF INVOLVED) YEAR, MAKE, TYPE, COLOR, LIC. NO.    NOTIFICATIONS: (PERSON & DIVISION)

MO IF LONG FORM, LIST UNIQUE ACTIONS. IF SHORT FORM, DESCRIBE SUSPECT'S ACTIONS IN BRIEF PHRASES, INCLUDING WEAPON USED. DO NOT REPEAT ABOVE INFO BUT CLARIFY REPORT AS NECESSARY. IF ANY OF THE MISSING ITEMS ARE POTENTIALLY IDENTIFIABLE, ITEMIZE AND DESCRIBE ALL ITEMS MISSING IN THIS INCIDENT IN THE NARRATIVE.

| MANDATORY MARSY'S RIGHTS CARD PROVIDED TO THE VICTIM | SUSPICIOUS ACTIVITY(SAR) | HATE CRIME/INCIDENT | DOMESTIC VIOLENCE |
| | PERSON REPORTING | OR RECEIVED BY PHONE |
| INITIALS, LAST NAME | SERIAL NO.  DIV./DETAIL | SIGNATURE |

REPORTING EMPLOYEE(S)

ZRANSPANO, I    39715   CENT    NOTE: IF SHORT FORM AND VICTIMS ARE NOT THE SAME, ENTER PR INFORMATION IN INVOLVED PERSONS SECTION.

---

# THIS REPORT DOES NOT CONSTITUTE VALID IDENTIFICATION

(213) 972-1203

KEEP THIS REPORT FOR REFERENCE. INSTRUCCIONES EN ESPANOL AL REVERSO.   CARBALLO-Info@desk

Your case will be assigned to a detective for follow-up investigation based upon specific facts obtained during the initial investigation. Studies have shown that the presence of these facts can predict whether a detailed follow-up investigation would likely result in the arrest and prosecution of the suspect(s) or the recovery of property, in a manner that is cost-effective to you, the taxpayer. Significant decreases in personnel have made it impossible for detectives to personally discuss each and every case with all crime victims. A detective will not routinely contact you, unless the detective requires additional information.

TO REPORT ADDITIONAL INFORMATION: If you have specific facts to provide which might assist in the investigation of your case, please contact the detective Monday through Friday, between 8:00 A.M. and 9:30 P.M., or between 2:30 P.M. and 4:00 P.M. at telephone number _____. If the detective is not available when you call, please leave a message and include the telephone number where you can be reached.

COPY OF REPORT: If you wish to purchase a copy of the complete report, phone (213) 485-4193 to obtain the purchase price. Send a check or money order payable to the Los Angeles Police Department to Records and Identification Division, Box 30158, Los Angeles, CA 90030. Include a copy of this report or the following information with your request: 1) Name and address of victims; 2) Type of report and DR number (if listed above); 3) Date and location of occurrence. NOTE: Requests not accompanied by proper payment will not be processed.

DR NUMBER: If not entered on this form, the DR number may be obtained by writing to Records and Identification Division and giving the information needed to obtain a copy of the report (see above paragraph). Specify that you only want the DR number. It will be forwarded without delay. There is no charge for this service.

CREDIT CARDS/CHECKS: Immediately notify concerned credit corporation or banks to avoid possibility of being liable for someone else using your stolen or lost credit card or check.

HOW YOU CAN HELP THE INVESTIGATION OF YOUR CASE:
* Keep this memo for reference.
* If stolen items have serial numbers not available at time of report, attempt to locate them and phone them to the detective at the listed number.
* If you discover additional losses, complete and mail in the Supplemental Property Loss form given to you by the reporting employee.
* Promptly report recovery of property.
* Promptly report additional information such as a neighbor informing you of suspicious activity at time crime occurred.

VICTIM-WITNESS ASSISTANCE PROGRAM: The Los Angeles City and County Victim-Witness Assistance Program (VWAP) can help to determine if you qualify for Victim of Violent Crime compensation. If you qualify, they will assist with filling your claim application. If you are a victim or a witness to a crime and will be going to court, they will explain the court procedures to you. Their staff may also assist you with other problems created by the crime.

To find the program location nearest to you, call the Victim-Witness Assistance Program at the Los Angeles City Attorney's Office (213) 485-6976, or the Los Angeles County District Attorney's Office (213) 974-7499.

VICTIMS OF VIOLENT CRIME COMPENSATION: Refer to paragraph at bottom of reverse side.

www.LAPDOnline.org
www.joinLAPD.com

Med Confirm 8/19/10

55 do rectal pain x1 week, believes
may have been sexually assaulted 1 week ago.
Declined not make police report at that time.
Seen at cite & refusal to use ER.
Requesting photos be taken at this time.
Pelvic mildly tyml, not bleeding.

**Review of Systems** (✓ means reviewed/neg)
- Constitutional:
- Skin:
- Eyes:
- ENT:
- Resp:
- Cardiac:
- GI:
- GU:
- MuscSkel:
- Neuro:
- Heme:
- Psych:

Last tetanus:
Abuse/Violence: ☑ Yes ☐ No ☐ Suspected
Reported / ☑ Referral (SS/VIP)
Allergies: ☐ NKDA (Reaction:)

Social
Employed: ☐ N ☐ Y
Drugs: ☑ N ☐ Y ☐ Ex
ETOH: ☑ N ☐ Y ☐ Ex
Smoker: ☑ N ☐ Y ☐ Ex

PMH:
Surgical:
Medications (dosage/interval):   PADI Checked ☐

LMP:  G  P  AB

Physical Exam  Pain Scale: 0 1 2 3 4 5 6 7 8 9 10

PREGNANT ☐ YES ☐ NO
PT/INR
LACTATE
ACCU v
LIPASE
DEM FAST #1 ☐ POS ☐ NEG TIME:
DEM FAST #2 ☐ POS ☐ NEG TIME:

| Date/Time | Orders & Medications | Effect | RN/Time | STAT CONSULT | Time Called | Time in ED | Pager |
|---|---|---|---|---|---|---|---|
| 1915 | Ceftriaxone 125 mg IM | | 1910 | SCJ | 1820 | | |

MSE (time/sign):

IMPRINT I.D. CARD (NAME MRUN CLINIC/WARD)
JENKINS, DEBRA
745-66-96 F BN 03/08/57   EDDEM

JENKINS, DEBRA
745-66-96 F BN 03/08/57



UNITED STATES POSTAL SERVICE®

PRIORITY MAIL EXPRESS®

EMS

FLAT RATE ENVELOPE

ONE RATE ■ ANY WEIGHT

To schedule free Package Pickup, scan the QR code.

USPS.COM/PICKUP

VISIT US AT USPS.COM®

ORDER FREE SUPPLIES ONLINE

PS10001000006

EP13F May 2020
OD: 12 1/2 x 9 1/2

U.S. POSTAGE PAID
PME 1-Day
LOS ANGELES, CA
90017
FEB 22, 22
AMOUNT
$26.95
R2305K139916-8

UNITED STATES POSTAL SERVICE® | PRIORITY MAIL EXPRESS®

EJ 967 228 704 US

FROM: (PLEASE PRINT) PHONE ( )

Debra L. Jenkins
442 S. San Pedro St
Los Angeles, CA 90013

FEB 23 2022

☐ SIGNATURE REQUIRED

Delivery Options
☐ No Saturday Delivery (delivered next business day)
☐ Sunday/Holiday Delivery Required (additional fee, where available*)
*Refer to USPS.com® or local Post Office™ for availability.

TO: (PLEASE PRINT) PHONE ( )

United States District Court
Central District of CA
Office Pro Se Clerk
255 E Temple St Rm 180
Los Angeles, CA
ZIP + 4® (U.S. ADDRESSES ONLY)
90012

■ For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
■ $100.00 insurance included.

PEEL FROM THIS CORNER

| | | | |
|---|---|---|---|
| PO ZIP Code: 90081 | Scheduled Delivery Date (MM/DD/YY): 02/23 | Postage: $ 26.95 | |
| Date Accepted (MM/DD/YY): 02/22 | Scheduled Delivery Time: 6:00 PM | Insurance Fee: $ | COD Fee: $ |
| Time Accepted: 1:01 | | Return Receipt Fee: $ | Live Animal Transportation Fee: $ |
| Special Handling/Fragile | Sunday/Holiday Premium Fee | Total Postage & Fees: 26.95 | |
| Weight: 11.6 oz | | $ | |

LABEL 11-B, MAY 2021 PSN 7690-02-000-9996

ROYBAL

GUARANTEED* ▪ TRACKED ▪ INSURED

For Domestic shipments, the maximum weight is 70 lbs. For international shipments, the maximum weight is 20 lbs.

**PRESS FIRMLY TO SEAL**

 

**PRESS FIRMLY TO SEAL**

PRIORITY MAIL EXPRESS
FLAT RATE ENVELOPE
POSTAGE REQUIRED

# PRIORITY MAIL EXPRESS®

## FLAT RATE ENVELOPE
ONE RATE ■ ANY WEIGHT

To schedule free Package Pickup,
scan the QR code.



USPS.COM/PICKUP



PS10001000006

EP13F May 2020
OD: 12 1/2 x 9 1/2

## FOR DOMESTIC AND INTERNATIONAL USE
## PLACE MAILING LABEL HERE

- Guaranteed delivery date.*
- Guaranteed delivery time.†
- USPS Tracking™ included.
- Insurance included.
- Pick up available.
- Signature included upon request.

* Money back guarantee to U.S., select APO/FPO/DPO, and select International destinations. See DMM and IMM at pe.usps.com for complete details.
† Money Back Guarantee for U.S. destinations only.

WHEN USED INTERNATIONALLY, A CUSTOMS DECLARATION LABEL MAY BE REQUIRED.

   UNITED STATES POSTAL SERVICE®